## BOYER *vs.* AUSBURN *et al.*

A promise in writing to pay for a colt on the 1st of November there-
after, with a stipulation that the vendor retain title until paid for,
and yet vendees were liable to pay "in the event said colt should
die," is *prima facie* a promise to pay for the colt at that date, even
if it die before payment and while title is in the vendor, and not a
promise to pay only if the colt should die; and therefore a non-suit
because plaintiff did not prove that the colt was dead, was error.

Contracts. Promissory notes. Non-suit. Before Judge
POTTLE. Hancock Superior Court. April Term, 1879.

This was an appeal case. Boyer sued Ausburn *et al.* on
the written instrument set out in the opinion. On the trial
he introduced it, and closed. The court granted a non-suit,
and he excepted.

J. T. JORDAN; F. H. NEAVY, for plaintiff in error.

SEABORN REESE, for defendants.

JACKSON, Justice.

The sole question is, was the non-suit properly awarded?
That turns on the construction of the contract sued. That
contract is in these words:

"By the first day of November, 1878, we promise to pay Jasper J.
Boyer or bearer sixty-five dollars for one bay stallion colt, named
Mark, about two years old, the title to said colt remaining in said.
Jasper J. Boyer until the purchase money is paid in full, but our lia-
bility is to pay the above amount in the event said colt should die."

This paper being introduced, the court held that unless
the plaintiff showed that the colt was dead, there could be
no recovery, and non-suited the plaintiff.

*Primâ facie*, the meaning of the paper is, that on the
first day of November the money due should be paid,
though the title was retained by the plaintiff to the colt,
and to avoid trouble in the event the colt died before the

money was paid, and while title was still in the vendor, the vendees agreed to pay for him notwithstanding they had no title. The consideration of the promise was the delivery and present use of the colt, and the vendor at his option could recover the money on the 1st of November, whether the colt was dead or alive, or if alive, on refusal to pay for him at that date he could recover him in trover.

It is true that there may be some ambiguity in the paper, and if so it may be explained by parol; but on its face it seems to us to mean as indicated above, though awkwardly expressed. Whether ambiguous or not, as it means on its face a promise to pay for the colt, dead or alive, on the first of November, the court should not have granted the non-suit; as the note itself was *prima facie*, at least, an absolute promise to pay on sufficient consideration.

Judgment reversed.