# Ingersoll-Sergeant Drill Co. v. Worthington & Co.

## Action of Detinue.

1. *Action of detinue; plea of the general issue.*—In an action of detinue, a plea that defendant did not "detain the property mentioned in plaintiff's complaint," presents the general issue, which is *non detinet*, and is a denial of the wrongful detention averred in the complaint.

2 *Conditional sale of personal property; when title divested out of the seller.*—Where, after a conditional sale of personal property by which title is reserved in the vendor until the payment of the purchase price, the general agent of the vendor, for the purpose of enabling the purchaser to make a resale of the property, agreed to a composition of their debt by which they bound themselves to accept from the new purchaser a smaller amount in full payment for the property, the payment of a part of the amount stipulated in the composition agree-

ment and a tender of the remainder divests the title to the property out of the seller, and invests it into the sub-purchaser, rendering the original vendor incapable of maintaining an action of detinue against the sub-purchaser for such property.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was a suit in detinue by appellant against appellee to recover certain chattels described in the complaint, and was tried by the court without a jury.

The pleas of the defendants were as follows: 1st. "That they do not detain the property mentioned in plaintiff's complaint." 2d. That plaintiffs were not the owners of the property described in the complaint. (A demurrer was sustained to this plea on the ground that ownership was not essential to recovery in this action.) 3d. That the firm of McNamara Bros. bought and received possession of the property sued for from the Phillips & Wiggs Machinery Company, to be paid for in nine instalments, it being stipulated in the obligations, which were executed by McNamara Bros. for the deferred payments, that the Phillips & Wiggs Machinery Company was to retain title to the property until all the instalments were paid. Further, that there was a composition of the indebtedness between McNamara Bros. and all their creditors, the Phillips & Wiggs Machinery Company agreeing to accept eight hundred dollars less than the amount still unpaid; that this composition was in consideration of McNamara Bros. selling their entire plant to J. W. Worthington & Co. That the Phillips & Wiggs Machinery Co. assented to the sale to J. W. Worthington & Co. That J. W. Worthington & Co. paid to trustees designated by the creditors of McNamara Bros. and Worthington & Co. every cent of the purchase price; and that the trustees paid the entire balance due on the machinery except twelve hundred dollars with interest (the amount of the last two notes) and that of this twelve hundred dollars they tendered $481.60 before this suit was brought, and that same being refused, it (said $481.60) was brought into court; that the amount paid into court left then only $800 of the original purchase price unpaid, and this amount of $800 it was agreed by Phillips & Wiggs Machinery Co. was to be deducted from the agreed price of machinery in ques-

tion and other chattels at the time of the composition. The plea further states that these defendants had no notice that plaintiff had any claim in, or title to, the property, and that the only title to the goods sued for, which plaintiff had was derived from a transfer of the purchase money notes. 4th. That plaintiffs waived their right to bring this suit because before this suit was brought they brought an action in assumpsit against McNamara Bros. for the amount alleged by them to be due. 5th. Sets up substantially the same defenses as the third and in addition, that the plaintiff, by its agent, Phillips & Wiggs Machinery Co., caused McNamara Bros. to make a sale of the machinery sued for to the defendants and assented to their making it. 6th. The sixth plea is substantially the third and fifth with the addition that plaintiff, by its agent, Phillips & Wiggs Machinery Co. agreed to look solely to the fund paid to the trustees by the defendants for the property purchased from McNamara Bros. There were demurrers interposed to each of these pleas, but they were overruled. Thereupon the plaintiff filed a replication to the defendant's fourth plea in which he averred "that at the time of the suit in assumpsit as alleged in said plea, the plaintiff also brought suit in detinue under and upon said notes for the recovery of the property sued for in this action, and that both of said suits were dismissed by plaintiff at the same time, before the commencement of this action."

Upon the demurrer to this replication being overruled issue was joined thereon and upon the other pleas.

The evidence shows that the Phillips & Wiggs Machinery Co. sold the machinery described in the complaint on the 17th day of February, 1892, to McNamara Bros. and took from them certain notes or agreements to pay for the machinery in instalments; that in the body of all said notes or agreements was the following: "The said firm (Phillips & Wiggs Machinery Co.) the vendors, sell and deliver said personal property with the condition affixed to the sale that the title thereto is to remain in said firm until the purchase price thereof shall be paid in full and all expenses on account of said sale." Several of these notes or agreements, including the last two to mature, were endorsed to plaintiff before maturity with the following indorsement: "Pay to the order of Ingersoll—Sergeant Drill Co. Phillips & Wiggs

Machinery Co. Paul Phillips, Secretary and Treasurer."
It was proved without contradiction that the subsequent
endorsement: "We transfer and assign all our right, ti-
tle and interest in and to the within described property
to the Ingersoll-Sergeant Drill Co. Phillips & Wiggs
Machinery Co. by Phillips, Secretary and Treasurer,"
was made on the two notes in question long after the
sale and delivery of the notes and after the commence-
ment of this action. These notes bore also the indorse-
ments by plaintiffs to the Hanover National Bank and
by the Hanover National Bank to the First National
Bank of Birmingham for collection. It was further
shown by the testimony that to assist in a trade between
McNamara Bros. and J. W. Worthington of all of Mc-
Namara Bros.' property, Wiggs, the president of the
Phillips & Wiggs Machinery Company, just before the
sale to Worthington, made a proposition to McNamara
Bros. that if they, McNamara Bros., would sell their
plant to Worthington, he, for his company, would make
a deduction from what was then due by McNamara Bros.
on this account to them, the Phillips & Wiggs Co., which
account was in the largest part for the machinery in
question.

Wiggs, the president of the Phillips & Wiggs Co., tes-
tified that the deduction was not to come off of the
amount due on the Ingersoll-Sergeant notes, but was to
be deducted from another debt due to his company.
This statement is contradicted by several witnesses, who
testify that the amount of $800 was to be deducted from
the amount due generally regardless of Ingersoll-Ser-
geant Drill Co., as McNamara would not sell unless the
deduction was made.

The testimony of the defendants tends to show that in
consideration of this deduction and the agreement of the
other creditors to make a composition McNamara Bros.
sold to Worthington & Co. their entire plant, including
the machinery in question, and that J. A. Wiggs, presi-
dent of the Phillips & Wiggs Co. was present during the
entire transaction and assisted in getting it through.
Defendant's testimony further shows that, pursuant to
the composition with the creditors, the trustees paid out
the money in their hands to the creditors, paying on the
open account to Phillips & Wiggs Co. the entire amount
due thereon, and taking up all the notes given for the ma-

[Ingersoll-Sergeant Drill Co. v. Worthington & Co.]

chinery in question, except the last two, those upon which this suit is based; that the last two, with interest at the date of the tender into court, amounted to about $1,280, and that the trustees for McNamara Bros. tendered $481.60, being the balance due thereon, less the $800 agreed by Wiggs to be deducted.

The tendency of the whole testimony is to show that the Phillips & Wiggs Co. were the general agents of the Ingersoll-Sergeant Co.   The testimony further shows that long after the notes purported to have been indorsed and after the sale to Worthington, the Phillips & Wiggs Co. rendered a statement to McNamara Bros., trustees, which claimed the very notes, the foundation of this suit, as due by McNamara Bros. to the Phillips & Wiggs Co., and these notes and the statement were placed in the hands of the attorneys of the said Phillips & Wiggs Co., by said company, for collection.   The testimony further shows that the fact of the endorsement of these notes was not known to the defendants nor to the trustees. The original were recorded in the probate office, but the fact of their indorsement nowhere appeared from the record. It was also shown that prior to the bringing of this action, plaintiff brought suit on the very notes, the foundation of this action, against McNamara Bros.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, the court rendered judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court, upon the pleadings, to which exceptions were reserved, and the rendition of judgment in favor of the defendants.

GARRETT & UNDERWOOD, for appellants.   The first plea does not put in issue the title of appellant for the property sued for, but merely the detention of appellee; and the detention being admitted, appellant was entitled to a judgment.—2 Chitty on Pleading, 728; 7 Lawson R., R.& P., § 3650; 5Amer. & Eng. Encyc. of Law, 655; Van Namee v. Bradley, 69 Ill. 299; Miller v. Gable, 30 Ill. App. 578.

The instrument under which plaintiff claims title was a mortgage or instrument in the nature of a mortgage.— Dowdell v. Empire Fur. & Lumber Co., 84 Ala. 316; Hery-

*ford v.Davis*, 102 U. S. 235 ; *Hart v. Barney*, 7 Fed. Rep. 543 ; Code of 1886, § 173.

J. Q. COHEN, *contra*,—The first plea presented the general issue in an action of detinue.—*Lucas v. Pittman*, 94 Ala. 616 ; 5 Amer. & Eng. Encyc. of Law, 655.

The instrument executed by McNamara Bros.to Phillips & Wiggs Machinery Co. is not a mortgage but a conditional sale. Under the authority of *Dowdell v. Empire Fur. &c. Co.*, 84 Ala. 316, the test is, a continuing liability for the purchase price after the failure to perform the condition, and the vendor has acquired possession of the property. It cannot be seriously maintained that under the instrument the foundation of this suit, there was or could have been any continuing liability for the purchase price after the property might have been retaken by the person holding the legal title. In the United States Supreme Court case, referred to in *Dowdell v. Empire Co.*, *supra*, the court held that the test as to whether an agreement was a mortgage or a conditional sale was, that after taking the cars in question back, there was a provision that any surplus beyond what was needed to pay the unpaid part of the debt should be paid over to the person executing the debt.—*Heryford v. Davis*, 102 U. S. 235. In the case of *Hart v. Barney*, 7 Fed. Rep. 543, referred to in the Alabama case above, the provision in the instrument, owing to which the paper was held to be a mortgage, was that the conditional vendee was to remain liable for any balance of the notes unpaid, after the conditional vendor had retaken possession and sold the property.''—*Hart v. Barney*, 7 Fed. Rep. 543.

McCLELLAN, J. This is an action of detinue prosecuted by Ingersoll—Sergeant Drill Co. against Worthington & Co. Defendant's first plea was : "That they do not detain the property mentioned in plaintiff's complaint.'' This presented the general issue—*non detinet*—(*Lucas v. Pittman*, 94 Ala. 616) ; and is a denial of the *wrongful* detention averred in the complaint. There were also several special pleas. Some of these show that plaintiff bases its claim of title—and in this case it had to recover on title, if at all—on a contract of sale to McNamara Bros. by the Phillips & Wiggs Machinery Co., wherein title to the property was reserved to the sellers

until the purchase money for the chattels was paid, which contract was transferred to plaintiff, and that said purchase money was paid or tendered before suit brought, and the tender kept good by a deposit in court. The trial was before the judge of the city court without jury. Without discussing the facts here, it will suffice as showing the grounds upon which we base our concurrence with the finding below to state the following conclusions:

1. That Wiggs was for all the purposes of this case the general agent of the Ingersoll—Sergeant Drill Co.

2. That as such agent he agreed and thereby bound said company to receive in full payment of the amount due it as purchase money of the property involved here a certain sum less than the whole to be paid by Moore & Cohen, trustees &c., out of the price to be paid them at stipulated times by Worthington & Co. for this property and other effects then sold to the latter by McNamara Brothers.

3. That all of said certain sum was paid to plaintiff according to said agreement except about $480, and that this balance was duly tendered to plaintiff, and refused by it, and is now in court for the plaintiff.

4. That whether the contract of sale by the Phillips & Wiggs Co. to McNamara Brothers be a conditional sale reserving title till purchase money paid, or a mort⁻gage to secure payment of purchase money, the payment in great part and tender as to the balance of the sum agreed to be taken by plaintiff in payment for the property in suit, divested all title out of the plaintiff and vested an absolute title in the defendent. Hence no recovery could be had in this action.

A ffirmed.