# Carlisle *v.* The Peoples Bank.

## *Statutory Action of Detinue.*

1. *Detinue; general issue under the statute.*—In an action of detinue, the plea of the general issue under the statute (Code, § 3295), is equivalent to the plea of *non detinet* of the common law and puts in issue the right of the plaintiff to recover.

2. *Same; mortgage; admissibility of evidence showing alterations of mortgage.*—In an action of detinue, where the plaintiff bases his right of recovery upon a mortgage which recites that it was given to secure a note for $750, which note was admitted to have been paid before the institution of a suit, and upon the introduction in evidence of the mortgage, there is contained therein, immediately following the description of the property conveyed, a recital that the mortgage was given to secure five certain notes, including the $750 note, evidence that the mortgage was given to secure the $750 note only, and that the recital as to the other notes was inserted after the execution of the mortgage, is admissible under the plea of the general issue; such alteration of the mortgage being material.

3. *Same; same; admissibility of evidence.*—In such a case, upon an issue being made as to the alteration of the mortgage, under which the plaintiff claims, a bond for title executed on the same day with the mortgage and signed by both mortgagor and mortgagee, which contains recitals in reference to the mortgage having been given to secure the five notes, is admissible in evidence.

4. *Mortgage; investment of title when person does business in name of a bank.*—Where an individual does business alone under the name of a bank, and a mortgage is made to the bank, the legal title vests in the individual; he and the bank to which the mortgage was made being the same.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. W. W. KIRKLAND, Special Judge.

The appeal in this case is taken by the defendant in an action of detinue, from a judgment rendered in said suit in favor of the plaintiff. The material facts of the case are sufficiently stated in the opinion.

[Carlisle v. The Peoples Bank.]

After the introduction in evidence of the mortgage under which the plaintiff claimed title to the property sued for, the plaintiff offered to introduce in evidence a bond for title, which was given by W. B. Folmar to the defendant, H. C. Carlisle, conditioned to make title to said Carlisle to certain lands therein described, upon the payment of said five notes which had been introduced in evidence, they being for the purchase money of said lands. In said bond for title, it was stated that all of the notes given for the purchase money of said land bore even date with said bond for title, together with the mortgage involved in this suit, which, as recited in said bond was "executed by H. C. Carlisle to W. B. Folmar on certain personal property to better secure the debt named in the above notes." The defendant objected to the introduction in evidence of said bond for title, upon the grounds: 1st. That it was irrelevant. 2d. That said bond could not be looked to as an aid in the construction of said mortgage. 3d. That said bond could not be considered by the jury in order to supply any defect or omission in said mortgage. The court overruled this objection, allowed the bond to be introduced in evidence, and to this ruling the defendant duly excepted.

M. N. CARLISLE, for appellant, cited *Morris v. State,* 84 Ala. 457; *Simmons v. Spratt,* 20 Fla. 495; *Schaidt v. Plaul,* 66 Md. 141; *Jackson v. Cory,* 8 Johns. (N. Y.) 385; *Jackson v. Rutherford,* 73 Ala. 155.

R. L. HARMON, *contra.*

DOWDELL, J.—This was an action in detinue brought by appellee against the appellant for the recovery of certain personal property described in the complaint. While the bill of exceptions recites that issue was joined on pleas 1, 2, and 7, no evidence was offered on the trial except upon plea No. 1. This plea is the general issue under the statute, (Code, 1896, section 3295), and is the same in effect and equivalent to the plea of *non detinet* at common law.—*Berlin Machine Works v. Ala. City Furniture Co.,* 112 Ala. 488. This plea puts

in issue the right of the plaintiff to recover.—*Foster v. Chamberlain & Co.*, 41 Ala. 167.

The plaintiff relied for recovery on his title under a mortgage executed by the appellant, defendant in the court below, to the plaintiff. The mortgage in terms conveys the property in question, to secure a debt, evidenced by defendant's note in the sum of $750, and also for any advances that might be made to the defendant. After this recital in the mortgage and following the description of the property conveyed, and just preceding the *habendum* clause, the following recital is made, to-wit: "This mortgage is given to better secure 5 notes this day given to W. B. Folmar by me, one due Oct. 1st, 1895, $750; 1896, $700; 1897, $650; 1898, $600; 1899, $550." The bill of exceptions states that it was admitted by the plaintiff that defendant had paid the note for $750 described in the mortgage, and that no advances had been made to defendant.

On the trial the defendant testified that he gave the mortgage to secure the payment of but one note, and that was the note for $750 which he had paid. That the clause in the mortgage in reference to its being given to secure five notes, was not in the mortgage when he executed it, and that the same had been inserted since the execution of the mortgage. That it was understood at the time he executed the mortgage, that he was only to give a mortgage to secure the note for $750. On motion of the plaintiff this testimony was excluded by the court, and the defendant excepted. It is a clear proposition that, if the mortgage was given to secure but the one note of $750, the payment of this note would divest the title passing by the mortgage (Code, 1896, § 1067), and be a complete defense to plaintiff's action. It is equally clear that if the plaintiff mortgagee, without authority, inserted the clause as to the five notes after the mortgage had been executed, no possible rights or benefits could thereby be conferred on plaintiff. It is contended by appellee, that the alteration, if made as defendant states, was an immaterial one, and yet, with this clause out of the mortgage, with the admission of the payment of the $750 note, the plaintiff was absolutely without title un-

[Finney v. Denny.]

der the mortgage. The alteration was material, and the testimony of the defendant which was excluded by the court, was clearly admissible under the general issue.

The bond for titles which was executed on the same day with the mortgage, and signed by both plaintiff and defendant, and containing recitals in reference to the mortgage embracing the five notes, was relevant and competent under the issue as to whether the mortgage had been altered after its execution.

The $750 note and mortgage were made to "The Peoples Bank." The bill of exceptions states that, "It was proven that W. B. Folmar (plaintiff) was doing a business under the name of The Peoples Bank, and also was doing a business under the name of W. B. Folmar." It does not clearly appear from this, that "The Peoples Bank" and W. B. Folmar were one and the same, and that he alone constituted The Peoples Bank. If, however, such was the fact, the legal title under the mortgage, though made to The Peoples Bank, *eo nomine*, vested in W. B. Folmar. But, otherwise, if the two were not one and the same.

For the error pointed out the judgment of the circuit court is reversed and the cause remanded.