# Pinckard & Lay *v.* Bramlett.

## *Detinue.*

(Decided Feb. 1, 1910.  51 South  557.)

1. *Mortgages; Payment; Effect.*—The payment of the mortgage debt divests the legal title out of the mortgagee.

2. *Detinue; General Issue; Payment.*—The payment of the mortgage debt may be shown under the general issue in an action of detinue under a mortgage since payment of the debt is a denial of the cause of action.

3. *Same; Evidence.*—Where the action was by a mortgagee for mules claiming under a mortgage past due and unpaid, and on suggestion of the mortgagor, other mortgagees of the same property are brought in as substituted defendants, the plaintiff makes out a prima facie case by the introduction of the mortgage, and by proof that it is due and not paid, and where the defendants pleaded the general issue and set up an estoppel against the plaintiff, they were entitled on cross-examination of the mortgagor to show that the mortgagor had stated on several occasions to several persons that he had paid the mortgage debt claimed by plaintiff, and could also show by such persons that the mortgagor had made the statements in their presence, since proof of payment is a part of the cause of action and may be shown under the general issue although immaterial as to the estoppel.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Detinue by J. W. Bramlett against one Mooney, who suggested Pinckard & Lay as claimants of the property, to whom notice was issued to come in and defend, which they did. Judgment for plaintiff and defendants appeal. Reversed and remanded.

CULLI & MARTIN, for appellant.—The court erred in sustaining plaintiff's demurrer to plea 2. This is a plea of estoppel and if the facts therein averred are true then certainly as against the substituted defendants in this suit, claiming under a mortgage executed after that held by plaintiff, by same party, the plaintiff ought not to recover. An estoppel must be specially pleaded.—*Jonas & Co. v. Peebles*, 130 Ala. 273; *Hall & Fraley v. Henderson*, 126 Ala. 490. And the facts set forth in said plea clearly set forth such a state of facts as would defeat the plaintiff's right of recovery in the action.—*Foreman v. Weil Bros.*, 98 Ala. 495; *Freeman v. Brown*, 96 Ala. 301; *Tobias v. Josiah Morris & Co.*, 126 Ala. 535. "The credit of a witness may also be impeached by proof, that he has made statements out of court contrary to what he testified at the trial."—1 Vol. Greenleaf on Ev. 15 Ed., sec. 462. "The credibility of a witness may be impeached by showing contradictory statements made out of court."—*Holly v. State*, 105 Ala. 100; *Henderson v. State*, 120 Ala. 316; 4 Mayfield Pg. 1194 (sec. 17); *Thornton v. Savage*, 120 Ala. 440. "On a cross-examination any fact may be elicited which tends to show bias or partiality between the party in whose behalf the witness is testifying."—*L. & N. Ry. Co. v. Tegnor*, 125 Ala. 593; *Drum v. Harrison*, 83 Ala. 384.

GEORGE D. MOTLEY, for appellee.—The cause was tried by the court without the intervention of a jury,

and hence, unless a new trial should be granted on the evidence, the cause will be affirmed.—*Pollard v. A. F. L. M. Co.,* 139 Ala. 183; *Woodrow v. Hawving,* 105 Ala. 240. If the court erred in sustaining demurrers to the pleas, it was error without injury as the defendant had the advantage of all such pleas under plea 3.—*Martin v. Butler,* 111 Ala. 422; *U. S. F. & Co. v. Habil,* 138 Ala. 348. There was no plea of payment interposed, and hence, the testimony offered to impeach the witness Mooney was immaterial.—*Harper v. Weeks,* 89 Ala. 577; *Lamb v. Pioneer S. & L. Co.,* 106 Ala. 591; *Greil v. Solomon,* 82 Ala. 85.

SAYRE, J.—Bramlett sued Mooney in detinue for mules. Upon the suggestion of Mooney, made in accordance with the statute in such cases, Pinckard & Lay were cited, and came in as substitutionary defendants. Upon trial had without a jury, judgment was rendered for the plaintiff. Hence this appeal.

Plaintiff claimed as mortgagee in a mortgage past due and unpaid, and not otherwise. Defendants claimed under a mortgage of later date, also past due and unpaid. Defendants pleaded the general issue, and also special pleas, in which they set up an estoppel against the plaintiff to insist upon his prior mortgage. Plaintiff made out a prima facie case for recovery by the introduction of his mortgage and Mooney's testimony that it was yet unpaid. On cross-examination, after proving their later mortgage, defendants proposed to ask the witness whether he had not on several different occasions stated to several persons—occasions and persons being identified in the questions—that he had paid plaintiff's mortgage debt. The court sustained objections to these questions and subsequently, when defendants offered to prove by the persons named that the wit-

ness Mooney had made the statements inquired about, ruled that they could not be permitted to do so. These several rulings are assigned for error. The testimony of the witness Mooney, as it appears in the record, was relevant to both issues presented. It will be conceded that so far as the estoppel was concerned, it was immaterial whether the plaintiff's mortgage debt had been paid or not, because the question there was, not whether the mortgage had been discharged by payment of the debt secured, but whether plaintiff, having a mortgage, had induced defendants to believe he had none. But appellee contends that payment vel non of his mortgage debt was, in the absence of a special plea of payment, immaterial, and cites *Harper v. Weeks,* 89 Ala. 577, 8 South. 39. Apparently the part of the opinion in that case relevant here was not necessary to the decision. At any rate, payment of a mortgage debt did always divest the legal title of the mortgagee to personality.—*Slaughter v. Swift,* 67 Ala. 494. Consequently, proof of payment is a denial of the mortgagee's cause of action, and may be shown in detinue under the general issue.—*Carlisle v. People's Bank,* 122 Ala. 446, 26 South. 115. Such, also, is the rule in respect to real property and actions of ejectment.—Code, § 4899; *Abbett v. Page,* 92 Ala. 571, 9 South. 332. In the several rulings to which we have referred there was error.

We need not consider whether there was error in sustaining demurrer to plea 2. This plea, with some difference in verbiage, seems to set up substantially the same facts as were alleged in plea 3, the demurrer to which was overruled. While not conceding that it was necessary to plead specially the matter urged by way of estoppel, we are hardly prepared to say, on the presentation of the case made, that the defendants have proven to our reasonable satisfaction the matter of the estoppel pleaded.

In order that the defendants may have the benefit of their proposed evidence, which may affect the credibility of the plaintiff's witness, and so the plaintiff's case generally, and that all issues may be determined in the light to be thereby afforded, the judgment of the court below will be reversed, and the cause remanded for another trial.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.