# Kentucky Wagon Manufacturing Co. v. Blanton-Curtis Mercantile Co.

## *Assumpsit.*

(Decided May 22, 1913.  Rehearing denied June 19, 1913.
62 South. 368.)

1. *Sales; Failure of Consideration; Conditional Sales; Goods Destroyed.*—Where goods were destroyed by fire before the note fell due, the note having been executed in part payment for goods sold and delivered in which it was provided that the title to the goods should remain in the vendor until the note was paid, or the proceeds to remain in the vendor in case the goods were sold, and further providing that the retention of title should not release the maker from the payment of the note, the consideration thereof did not fail; the beneficial interest of the vendee in the goods being a sufficient consideration.

2. *Same.*—Where the contract provided that title to the goods, or in case of a sale of the goods, the proceeds should be in the seller until the purchase price was paid, the retention of title was but a form of security, as for all practical purposes the buyer was the owner as completely as if he had acquired the title, and had mortgaged the property to secure the purchase price.

3. *Same; Property Destroyed by Fire.*—Where the contract provided that the title and ownership of the goods, or the proceeds in case of sale should remain in the seller until the purchase price of the goods was paid, that nothing in the order should release the buyer from payment of the notes, that in case of loss by fire the notes should become payable at once at the seller's option, the seller's responsibility should cease upon receipt for the goods by the carrier as in good order, the purchaser under the contract deprived himself of the defense against the notes that the goods were destroyed by fire before the notes fell due.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. CURTIS.

Assumpsit by the Kentucky Wagon Manufacturing Company against the Blanton-Curtis Mercantile Company. Judgment for defendant; plaintiff appeals. Reversed and remanded.

The contents of the condition of the notes sued on sufficiently appear in the opinion. The judge found that clause 3 of the contract especially retained title in plaintiff in the property until it was paid for in money, and that this being true, and the merchandise was destroyed

without fault of the vendee, the loss follows the title and falls on the party wherein the title resides, citing authorities. The court further found that clause 6 of the contract (which is stated in the opinion) did not take the contract without the rule asserted by the authorities cited, and hence that plaintiff was not in condition to recover of the defendant in assumpsit the face value of the notes.

DAVIS & FITE, for appellant. Plaintiff waived the provisions of the contract, for retention of title, by bringing suit on the notes.—*T. & D. Engine Co. v. Hall,* 89 Ala. 630; *Davis v. Millings,* 141 Ala. 378. The special provisions of the contract except it from the general rule and the loss by fire falls upon the vendee.—*Boyer v. Ausburn,* 64 Ga. 271. The settlement and contract operated as an unconditional promise to pay.—*Steele v. State,* 159 Ala. 12.

BANKHEAD & BANKHEAD, for appellee. The sale was conditional.—*Bishop v. Minderhout,* 128 Ala. 162. And the risk is fixed where the title resides. The purchase failed when the goods were destroyed, and hence, there was a failure of consideration.—48 Conn. 267; 25 Minn. 530; 27 Minn. 495; 1 Benj. on Sales, 319.

WALKER, P. J.—In the case of *Bishop v. Minderhout & Nichols,* 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134, it was held that the payee of a note given for goods conditionally sold and delivered to the maker under an agreement that the title thereto should remain in the payee until the purchase price had been paid could not maintain an action on the note, when the goods for the price of which it was given were, without the fault of the maker, destroyed before the note was due. We are aware of no rule of law which would

[Kentucky Wagon Mfg. Co. v. Blanton-Curtis Mercantile Co.]

forbid the parties to such a transaction to stipulate against the destruction of the goods being given such an effect. And we think that this was done in the instant case. The note sued on was given for part of the purchase price of a lot of wagons, wagon parts, and articles for wagon repairs shipped to the maker of the note on the payee's acceptance of a written order, made by the maker of the note filling out a form of order which provided for the giving of notes for the stipulated purchase price, and contained the following provisions: "The title to and ownership of all goods which may be shipped under this contract, as well as of all other goods shipped by you to me, or us, on subsequent orders, shall remain in you, and their proceeds in case of sale shall be your property until all of my, or our, indebtedness to you shall have been paid in money; but nothing herein contained shall release me, or us, from making payment as herein agreed. * * *" "Should I, or we, become insolvent, execute an assignment or chattel mortgage, sustain loss by fire, transfer property, or close out business, or in case of death of any member of the firm, or failure to carry out any of the conditions of this contract, then, and in any such event, all obligations provided for in this contract, or arising therefrom, shall become due and payable at once, or at any time thereafter at your option. * * *" "Your responsibility ceases when goods are receipted for in good order by transportation company." These provisions, especially the one first quoted, evidence a distinct agreement that the reservation by the payee of the notes of title to the goods conditionally sold was not to have the effect of releasing the maker of the notes from its liability on them.

It is suggested in the brief of the counsel for the appellee that the destruction of the articles by fire before the note was due had the effect of a failure of consideration for the note. This suggestion cannot be ap-

proved. By the transaction the maker of the notes acquired such an interest in the property for the price of which they were given that its destruction by fire did not amount to an entire failure of the consideration supporting the notes. It was so far vested with all the incidents of ownership, except the title, as to be enabled to deal with the property as the owner of it, to dispose of it for its own profit, subject only to the right of the payee to the proceeds of sales made until the notes should be paid. For all practical purposes it was the owner as completely as if it had acquired the title and had mortgaged the property to secure the purchase-money notes. The retention of title by the payee of the notes was but a form of security for their payment.—*Steele v. State,* 159 Ala. 9, 48 South.673. The acquisition by the maker of the notes of such a beneficial interest in the property for the price of which they were given constituted a valid consideration to support an unconditional agreement on its part to pay the price and to assume the risk of the destruction of the property.

The vendee in the conditional sale, by giving a note by which the purchase price was unconditionally promised to be paid, and by assenting to a stipulation which provided that the retention of title by the vendor should not have the effect of releasing the vendee from the obligation to make payment as agreed, deprived itself of the right to escape liability o nthe notes by showing that the property for the price of which they were given was destroyed by fire before the notes were due. That it was the understanding of the parties that the vendee was to assume such risk of loss after the property was delivered to it is also indicated by the other provisions of the contract above referred to.—*Boyer v. Auhburn,* 64 Ga. 271. The conclusion follows that the trial court was in error in its finding and judgment.

Reversed and remanded.