# Hoobler v. International Harvester Company of America.

## Detinue.

(Decided February 14, 1914. 64 South. 567.)

1. *Detinue; Pleas; Mortgage.*—Where the action was detinue and the plea set up that the property was claimed under a mortgage which plaintiff through its agent fraudulently procured defendant to sign, in that the agent falsely told defendant at the time he signed the mortgage that it did not cover the property sued for, that defendant relied on such representation, and wholly relying thereon, signed the mortgage without knowledge that it conveyed or contained the property sued for, was a good plea and not demurrable.

2. *Same.*—A plea alleging that plaintiff claimed under a mortgage which defendant had been induced by plaintiff's agent to sign under specified circumstances, but which failed to deny that defendant knew he was signing the mortgage, and did not allege that plaintiff's agent made any false or fraudulent representations as to the contents thereof, was insufficient as the presumption would be that defendant knew the full import and effect of the mortgage.

3. *Sales; Conditional; Reserving Title.*—Where goods are sold under a conditional sale reserving title in the seller until the goods are paid for, the buyer may deprive himself of the right to defend against further liability in case the property is destroyed before final payment, by a provision in the contract that in case the property is lost, burned or otherwise destroyed before final payment, the purchaser nevertheless promises to pay for the same.

4. *Alteration of Instruments; Pleading and Proof.*—Where plaintiff claimed under a chattel mortgage, the action being detinue, the defendant was entitled to show that the property sued for was not included therein when defendant executed the mortgage, under a plea denying the execution thereof.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Detinue by the International Harvester Company of America against C. E. Hoobler. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following are the pleas referred to: (3) Defendant says that plaintiff claims the property sued for under and by virtue of a mortgage dated on or about the 17th day of December, 1910. Defendant alleges that plaintiff, through its agent, fraudulently procured defendant's signature to said mortgage in this: That plaintiff's agent falsely and fraudulently told defendant, at the time defendant signed said mortgage, that it did not contain the property sued for. And defendant further alleges that he relied upon said representation, and, wholly relying thereon, signed his name to said mortgage, without knowing that said mortgage contained or conveyed said property sued for in this complaint. (4) Defendant says that plaintiff claims property sued for under and by virtue of a certain mortgage or instrument in writing signed by defendant on or about December 17, 1910, and that plaintiff's agent or servant falsely and fraudulently procured defendant's signature to said mortgage in the following manner: On said date defendant purchased of plaintiff one gas and gasoline engine and dynamo, with fixtures; that at said time of said purchase the agent of plaintiff filled out an order for said engine and dynamo, with fixtures, which defendant signed, said order being hereto attach-. ed and marked Exhibit A, and made a part of this plea; that plaintiff's agent handed defendant said Exhibit A, and at the same time told defendant that he would fill out a duplicate of Exhibit A, so that both parties would have a duplicate of said order; that, instead of plaintiff's agent making out a duplicate of Exhibit A, he filled out a mortgage under which plaintiff claims said property; that defendant did not read over said mort-

[Hoobler v. International Harvester Company of America.]

gage, but relied upon the statement made then and there by plaintiff's agent that it was a duplicate of said order, and, by relying upon said false representations, defendant signed said mortgage, believing at the same time that he was signing a duplicate of said order, and he was thereby deceived, and had no knowledge that the property sued for was contained in said mortgage."
"(8) That plaintiff claims the property sued for under and by virtue of a mortgage executed by defendant on or about December 17, 1910, to secure the balance of the purchase price of a gasoline engine and dynamo with fixtures, purchased by defendant from plaintiff; that plaintiff retained title of said engine and dynamo with fixtures, until the entire purchase price had been paid in money; that plaintiff delivered possession of said engine and dynamo, with fixtures, to defendant; and that, after and while said property was in possession of defendant, and before the purchase price fell due on, to wit, April 15, 1911, said property was destroyed by fire, without the fault or negligence of defendant, wherefore the balance of said purchase price was extinguished."

GUNN & POWELL, for appellant. The court erred in sustaining demurrers to pleas 3 and 4.—*Henry v. Allen,* 93 Ala. 197; *Baker v. Maxwell,* 99 Ala. 558; *Burrows v. Pac. G. Co.,* 81 Ala. 255; *Leonard v. Roebuck,* 152 Ala. 312; 104 Ala. 503; 61 Ala. 167; 108 Ala. 132. The court erred in sustaining demurrers to plea 8, as loss before payment relieves vendee from obligation to pay purchase price.—*Bishop v. Minderhout,* 128 Ala. 62. The court erred in refusing to admit certain evidence relative to the signature to the mortgage.—*McCaskey R. Co. v. Bennett,* 60 South. 541; *Lesser v. Sholtz,* 93 Ala. 339; *Montgomery v. Crosswaite,* 90 Ala. 553; 16 Enc. P. & P. 544.

RAY & COONER, for appellee. The demurrers to the pleas were well sustained on the following authority. *Stouffler v. Smith Hdw. Co.*, 154 Ala. 301; *Beck & P. L. Co. v. Houppert*, 104 Ala. 503; *Pickett v. Pippin*, 64 Ala. 520; *Flewellen v. Crane*, 58 Ala. 627. The evidence offered was inadmissible for want of proper pleading. —3 Enc. P. & P. 663; 16 Id. 544; *Manning v. Norwood*, 1 Ala. 429; *Tindall v. Bright*, Minor 104.

SAYRE, J.—Action of detinue brought by appellee against appellant for an electric piano. Along with other defenses, defendant pleaded three pleas, which were intended (pleas 3 and 4) to show that plaintiff claimed title to the property in suit under a mortgage, and that the mortgage had been procured by the false and fraudulent representations of plaintiff or its agent, and (plea 8) that defendant had executed the mortgage under which plaintiff claimed title to secure the purchase price of a gasoline engine and dynamo which he had purchased from plaintiff, that plaintiff had retained the title to said engine and dynamo until the purchase price should be paid in full, and that, before the purchase price fell due, and while the said engine and dynamo were in the possession of defendant, said property (engine and dynamo) was destroyed by fire without the fault or negligence of defendant. The court sustained demurrers to these pleas, and its action in each particular is assigned for error.

Plea 3 was a good plea, and the demurrer to it should have been overruled.—*Moline Jewelry Co. v. Crew*, 171 Ala. 415, 55 South. 144; *Leonard v. Roebuck*, 152 Ala. 312, 44 South. 390, and cases cited.

Plea 4 was bad. The plea does not deny that defendant knew he was signing a mortgage, nor does it aver that plaintiff's agent made any false or fraudulent rep-

resentation as to the contents of the mortgage. Such being the case, defendant is held to a knowledge of the full import and effect of the mortgage.—*Beck & Pauli v. Houppert,* 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77.

We are not agreed as to whether plea 8 stated a sufficient defense in the peculiar circumstances of this case; and, in view of our conclusion to reverse upon other points, and the fact that it appeared in the uncontradicted evidence that in any event plaintiff had a perfect answer to this plea in the provision of each of the notes evidencing defendant's indebtedness for purchase money as follows: "Should said property for which this note is given be lost, burned or otherwise destroyed before payment of this note, I nevertheless promise to pay the same."—thus obviating the difficulty raised by the doctrine of *Bishop v. Minderhout & Nichols,* 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134, as was decided by the Court of Appeals in the recent case of *Kentucky Wagon Co. v. Blanton-Curtis Mercantile Co.,* 8 Ala. App. 669, 62 South. 368, affirmed by this court on certiorari, we prefer to leave the precise question raised by the demurrer to this plea undecided for the present. If this plea shall remain upon the file, plaintiff will have opportunity to reply specially on the theory of *Kentucky Wagon Co. v. Blanton-Curtis Mercantile Co., supra.*

Defendant should have been allowed to show, under his plea denying his execution of the mortgage under which plaintiff claimed title, that the property in suit was not described in the mortgage at the time when defendant signed it; i. e., that the mortgage had been materially altered since his execution of it.—*Lesser v. Scholze,* 93 Ala. 338, 9 South. 273.

The matters involved in the proper pleas to which we have alluded went to plaintiff's title, and might have

been proved under the general issue (*Carlisle v. People's Bank,* 122 Ala. 446, 26 South. 115), filed after the rulings on pleas 3, 4, and 8, but the court followed up its rulings on these pleas by execluding from the jury evidence of the fact upon which the pleas were based, evidence tending to disprove the title by which plaintiff claimed, and these rulings were erroneous.

For the erroneous rulings on the evidence, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.