# McDougal v. Alston, et al.

### Trover and Conversion.

(Decided November 7, 1914.  66 South. 683.)

1. *Discovery; Right to Contradict Answers to Interrogatories.*—Answers of a party to interrogatories propounded to him as authorized by section 4049, Code 1907, may be contradicted by the party who introduces the answers in evidence, by virtue of the provisions of section 4056, Code 1907.

2. *Mortgages; Satisfaction; Acts Constituting.*—Where a mortgagee of chattels agreed to accept a real estate mortgage given by a purchaser of the real estate in satisfaction of his chattel mortgage, and the real estate mortgage was actually delivered to him, the chattel mortgage was extinguished.

3. *Same; Payment; Burden of Proof.*—A mortgagor suing for the wrongful taking of the mortgaged chattels, on the theory that the mortgage had been paid, has the burden of proving payment.

4. *Same; Principal and Agent; Authority of Agent; Estoppel.*—Where a third person, having possession of a chattel mortgage, took possession of the chattels covered, over the protest of the mortgagor, who claims to have paid the mortgage, and delivered such chattels to the mortgagee who sold the property, the mortgagee was estopped to deny the agency of such third person, and such mortgagee and such third person were jointly liable for the conversion of the property.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Trover by Walter McDougal against J. F. Alston and others. From a judgment for defendants, plaintiff appealed to the Court of Appeals, and the cause was transferred to the Supreme Court. Reversed and remanded.

Defendant set up the taking of the property under the power of a validly executed mortgage to them by defendant which was unpaid and past due at the time of taking of the property. It appears from the testimony of plaintiff that he had purchased the mules and wagon from the Alstons, and had given them a mort-

[McDougal v. Alston, et al.]

gage thereon, but that when he sold his home place to one Williams the balance due thereon was secured by a mortgage, which mortgage was executed by Williams to the Alstons, and they accepted it in full payment of the chattel mortgage which the Alstons held against plaintiff. He here further testified that it was agreed that the Alstons would satisfy the mortgage on the chattels and pay plaintiff the sum of $200.

WRIGHT & FITE, and PINKEY SCOTT, for appellant.

OLIVER, VERNER & RICE, and H. L. SMITH, for appellee.

DE GRAFFENRIED, J.—(1) Under the evidence in this case the jury had a right to find that the mortgage on the personal property of the plaintiff had been fully paid before the personal property was taken from him. If it be true that the plaintiff sold his home to Williams upon a credit, and took a mortgage for the purchase price—$750—on the same from Williams to J. F. Alston and W. F. Alston for said sum, and if J. F. Alston and W. F. Alston agreed with the plaintiff that they would accept such mortgage in satisfaction of the mortgage which they then held on plaintiff's personalty and would pay him in addition the sum of $200 in cash, then, when the Williams mortgage was delivered to J. F. Alston and W. F. Alston, the mortgage on the personalty was extinguished. The evidence, we think, shows that before the personalty was taken from the plaintiff's possession the Williams mortgage had gone into the possession of the Messrs. Alston, and if it went into their possession upon the above understanding then, the instant it did so, the mortgage on the personalty was extinguished. From that time it

[McDougal v. Alston, et al.]

was without effect and no rights of any sort could be asserted under it.

"The payment of a mortgage debt, whether the mortgage is of real or personal propery, divests the title passing by the mortgage."—Code of 1907, § 4899; *Cade v. Floyd,* 120 Ala. 484, 24 South. 944; *Carlisle v. People's Bank,* 122 Ala. 446, 26 South. 115.

(2) 2. Answers of parties to interrogatories propounded to them under section 4049 of the Code of 1907, under the provisions of section 4056 of said Code, may be contradicted by the party introducing them in evidence.—*Southern Railway Co. v. Hubbard,* 116 Ala. 387, 22 South. 541.

The mere fact, therefore, that the plaintiff introduced the answers of the Messrs. Alston to interrogatories propounded to them under the above section did not bind the plaintiff to the truth of such answers. He contradicted their answers by his testimony.

(3) 3. It seems that one Hosmer, with the chattel mortgage of the Messrs. Alston in his possession and claiming the right, under the mortgage, to take possession of the personalty for the Messrs. Alston, went out to the plaintiff's home and against the protest of the plaintiff went upon plaintiff's premises and, possessing himself of the personalty, carried it away. Hosmer took the personalty and delivered it to O'Quinn, who, in turn, delivered it to the Messars. Alston, who sold it. If the mortgage had, under the principles above announced, been paid when Hosmer took the personalty from the plaintiff, then Hosmer was guilty of a trespass, and as the Messrs. Alston received the fruits of this trespass—as they are estopped from denying the agency of Hosmer—they are also guilty of a trespass. Hosmer did no act which he did not have a perfect legal right to do as the agent of the Messrs. Als-

[McDougal v. Alston, et al.]

ton, when he took the personalty from the plaintiff's possession, if the plaintiff's mortgage was a valid mortgage; and, as the Messrs. Alston received that personalty as mortgagees and sold it under that mortgage, they are answerable for his said acts if the mortgage had, in fact, been fully paid when Hosmer took possession of the personalty. This proposition is so plain that it needs no citation of authority to sustain it.

4. If the mortgage was paid when Hosmer took possession of the mules, he was, as already said, guilty of a trespass, and, as he was acting for the Messrs. Alston, they are liable along with him, for such trespass. If the mortgage was paid when Hosmer took the personalty, then as Messrs. Alston received possession of the property through this act of Hosmer, and sold the personalty, the defendants are jointly liable for converting said property. This proposition also is too plain to require citation of authorities to sustain it.

(4) 5. Of course, if the version of the plaintiff as to this matter is untrue—and the burden of proving payment of the mortgage on the personalty is upon him—then the plaintiff is entitled to recover nothing. The trial judge, however, under the evidence of the plaintiff, took a case from the jury which must be passed upon by a jury.

The judgment of the court below is therefore reversed, and the cause is remanded to the court below for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.