# Knight *v.* Garden.

### Detinue.

(Decided April 20, 1911½. 71 South. 715.)

1. **Detinue; Evidence.**—Where the action was detinue for a mule, the averments that the allegations of the complaint were untrue, is a plea of the general issue, and puts in issue plaintiff's right to recover, and renders admissible, evidence negativing the right of either plaintiff or defendant; hence, where the mule was claimed under a mortgage, the mortgagor could properly testify whether or not he signed the mortgage.

2. **Same; Character of Action.**—The gist of the action of detinue is detention, and although the right of possession may rest wholly on the mortgage, yet the mortgage of the property alleged to have been wrongfully detained, is not the foundation of the suit.

3. **Records; Validity; Collateral Attack.**—Where the validity of the record of a mortgage is put directly in issue by the pleading of the attacking party, the attack is direct; the attack is collateral only where there are no proper averments against the record.

4. **Detinue; Rights of Parties; Mortgage.**—Where plaintiff in detinue introduces a mortgage under which he claims, the defendant may defeat, under a plea of the general issue, such prima facie right of possession by showing an outstanding title in a third party, or proving payment, or showing that the mortgage has been rendered nugatory, or that the property was a gift, or that plaintiff is estopped to deny defendant's right of possession.

5. **Pleading; Verification; Necessity.**—The provisions of § 5332, Code .1907, are without application to a suit in detinue, where the trial is had only on a plea of the general issue.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Detinue by Rebecca Garden as administratrix against W. M. Knight. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals.

FINCH & PENNINGTON, for appellant. GUNN & POWELL, for appellee.

THOMAS, J.—The action is in detinue for a mule claimed by virtue of a mortgage. The judgment entry recites that the defendant pleaded the general issue. The exact form of the plea is not disclosed by the record. The plaintiff proved that Lando Patton owned the mule in question, and that he was indebted to appellee's intestate, and that to secure this indebtedness he executed a mortgage to said intestate. The defendant, appellant, proved his purchase of the mule from H. Bonfield, who claimed it by virtue of his foreclosure of a subsequent mortgage from Lando Patton. The court's rulings on the introduction of evidence are presented for review.

(1) The Patton mortgage to plaintiff's intestate having been introduced in evidence, the defendant asked the witness: "Did you sign that mortgage, Mr. Patton?" Plaintiff objected, because the evidence sought to be elicited was "incompetent, irrelevant, immaterial, or illegal," and because there was no plea of non

est factum. The objection was sustained, and defendant duly excepted, and, as appellant, now assigns error on this ruling of the court.

The books are agreed that detention is the gist of the action of detinue.—*Walker v. Fenner, et al.*, 20 Ala. 192. The general issue in this action is non detinet.—3 Chitty's Pl. 1023; Stephens' Pl. pp. 173, 174. An averment that the allegations of the complaint are untrue is a plea of the general issue.—Code, § 5331; *Berlin Machine Works v. Ala. City Furn. Co.*, 112 Ala. 488, 20 South. 418. This plea puts in issue the right of the plaintiff to recover (*Foster v. Chamberlain*, 41 Ala. 167; *Welldon v. Witt*, 145 Ala. 612, 40 South. 126; *Lucas v. Pittman*, 94 Ala. 616, 10 South. 603; *Ingersoll-Sergeant Drill Co. v. Worthington & Co.*, 110 Ala. 322, 20 South. 61; *Grunewald v. Copeland*, 131 Ala. 345, 30 South. 878); and evidence negativing the right of possession of plaintiff or of defendant is competent (*Snellgrove v. Evans*, 145 Ala. 600, 40 South. 567.)

In *Pinckard & Lay v. Bramlett*, 165 Ala. 327, 51 South. 557, it was held that proof of payment of the mortgage debt may be shown in detinue under the general issue, as tending to divest the legal title of the mortgagee to the personal property in question. —*Slaughter v. Swift*, 67 Ala. 494.

In *Green v. Sneed*, 101 Ala. 205, 208, 13 South. 277, 46 Am. St. Rep. 119, an action of detinue by a mortgagee against the mortgagor after the law day of the mortgage, it was held that, where the action is not on the original consideration for which the mortgage was executed, but is on the right of recovery of the mortgaged property, and the title asserted by the plaintiff depends upon the validity of the instrument itself, in legal contemplation the instrument which the defendant executed ceases to be his act the moment it is altered, and that the alteration may be shown. The only plea in the *Green Case*, as shown by the original record in this court, was the general issue; and under that plea proof of the alteration of the mortgage after signature was permitted to destroy the muniment of title upon which the plaintiff relied for recovery.

So in *Carlisle v. People's Bank*, 122 Ala. 446, 26 South. 115, it was held that under the general issue testimony may be introduced to vary or explain the terms of the mortgage on which the plaintiff relies for title, and to defeat the recovery in detinue.— *Foster v. Chamberlain & Co.*, 41 Ala. 167.

In *Hoobler v. International Harvester Co., etc.*, 185 Ala. 533, 537, 64 South. 567, 569, Mr. Justice SAYRE said: "The matters involved in the proper pleas to which we have alluded went to plaintiff's title, and might have been proved under the general issue (*Carlisle v. People's Bank*, 122 Ala. 446, 26 South. 115), filed after the rulings on pleas 3, 4, and 8, but the court followed up its rulings on these pleas by excluding from the jury evidence of the fact upon which the pleas were based, evidence tending to disprove the title by which plaintiff claimed, and these rulings were erroneous."

(2, 4) In the action of detinue the mortgage in evidence was not the foundation of the suit, although the plaintiff's title or right to the possession of the personalty may rest solely on the mortgage. The suit was for specific property, and the gist of the action was detention. The defendant was not apprised by the complaint of what right of possession the plaintiff would show. When the validity of a record attacked is put directly in issue by the pleadings of the party attacking it by proper averments, the attack is direct, and not collateral; but, when there are no proper averments attacking the record, although its validity is drawn into the issue of the case, the attack is collateral.—*Walker v. Goldsmith*, 14 Or. 125, 12 Pac. 537; *Dormitzer v. Ger. Savings & L. Soc.*, 23 Wash. 132, 62 Pac. 862. When the mortgage is introduced in evidence as evidence of plaintiff's right of possession, under defendant's plea of the general issue defendant may defeat this prima facie right of possession by showing an outstanding title in a third person (*Wright v. Bush*, 165 Ala. 320, 51 South. 635), or by proving payment (*Pinckard v. Bramlett*, 165 Ala. 327, 51 South. 557), or by showing that the mortgage relied on by plaintiff has been rendered nugatory (*Birmingham Co. v. Gillespie*, 163 Ala. 408, 50 South. 1032). So also may it be shown, under the general issue, that the plaintiff has given the defendant the property (1 Tidd's Pr. 650-653), or that the plaintiff has not the unqualified right of possession in its present form (*Seals v. Edmondson*, 73 Ala. 295, 49 Am. Rep. 51), or the right of the entire possession (*Graham v. Myers*, 74 Ala. 432), or is estopped to deny the defendant's right of possession (*Traum v. Keiffer*, 31 Ala. 144).

(5) The rule of pleading declared in section 5332 of the Code has no application to trover and detinue. Under the companion section (3967), declaring a rule of evidence in certain cases, it

has been held that a suit in trover for the conversion of a mule, a mortgage collateral to the suit, or inter alios is not within the provision of the statute.—*Askew Bros. v. Steiner & Lobman,* 76 Ala. 218. By analogy the words "any instrument in writing, the foundation of the suit," found in section 5332 of the Code, have no application to actions in detinue. We do not mean to say that the rule would be different in a case where there was a suggestion of the mortgage debt under the statutes (Code, § 3789 et seq.) It is sufficient to say that no such suggestion was made in this case, and that the trial was had only on the plea of the general issue.

No good reason exists why, under the plea of the general issue in detinue, the defendant may not deny or impeach the execution of the plaintiff's mortgage introduced in evidence and relied on for his title and for his right of possession.

For the refusal of the trial court to allow defendant, under his plea of the general issue, to deny the execution of the chattel mortgage on which plaintiff rested his right of recovery, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.