(117 So. 59)
**CAMPBELL et al. v. RIDDLE.** (7 Div. 798.)

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied May 31, 1928.

**1. Detinue ☞17—Defense that defendant had assignment of lien on truck for repairs held available under general issue, in action in detinue (Code 1923, § 8863).**

In action in detinue to recover automobile truck, general issue was sufficient to present defense of assignment to defendant of lien for repairs, under Code 1923, § 8863.

**2. Detinue ☞5—Where one of plaintiffs had no right to recover possession as against defendant in detinue suit, on account of defendant's lien on truck for repairs, neither plaintiff could recover (Code 1923, § 8863).**

In action in detinue by two persons to recover automobile truck, defendant's assertion of lien for repairs under Code 1923, § 8863, by virtue of assignment, constituted defense as against both plaintiffs, where at least one of them had no right to recover possession as against defendant.

**3. Detinue ☞5—Plaintiff's right in detinue action must be exclusive.**

Right of plaintiff in action of detinue must be entire and exclusive, in order to warrant recovery of property sued for.

**4. Pleading ☞173—Where, in detinue action to recover truck, defendant asserted lien for repairs, proof of payment of lien claim was available under general replication, making special replications superfluous (Code 1923, § 8863).**

Where, in detinue action, defendant asserted special pleas, claiming lien on automobile sued for, for repairs, under Code 1923, § 8863, special replications asserting payment of defendant's claim were properly stricken, since that fact could have been shown under general replication sufficiently pleaded.

**5. Detinue ☞8—Defendant's alleged lien on automobile truck for repairs gave right to possession, defeating plaintiffs' recovery in detinue (Code 1923, §§ 6743–6747, 8863).**

If defendant, in possession of automobile truck, had lien thereon under Code 1923, § 8863, for repairs, he had right to possession which would defeat action in detinue; sections 6743–6747 being inapplicable.

**6. Detinue ☞29—Liability on replevin bond of plaintiffs in detinue, action was limited to costs, .where defendant, who retained possession, prevailed (Code 1923, §§ 7389, 7394).**

In detinue action for recovery of automobile truck, where defendant retained possession under Code 1923, § 7389, and recovered judgment, plaintiffs and sureties on their replevin bond were liable only for .costs under section 7394.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action in detinue by Oscar Campbell and Viola Campbell against Obe Riddle. From a judgment for defendant, plaintiffs appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Defendant's pleas 3 and 4 are as follows:

"(3) For that the plaintiff should not recover, in this, that just prior to the time said truck was turned over or delivered to this defendant by the plaintiff Oscar Campbell, said truck was being held by one Frank Pruet for repairs performed on said car, and that there was then due for said repairs the sum of $87, and the plaintiff Oscar Campbell agreed with this defendant that, if he (the defendant) would pay the said Frank Pruet the $87 due on said truck for repairs, the defendant could take said truck and keep the same in his possession until all of said amount was paid the defendant by the plaintiffs, and defendant says that he paid the said Pruet the $87 repair bill, and that the plaintiffs, or either of them, have not repaid defendant said repair bills as above set out.

"(4) That the truck described in the complaint was, immediately prior to the time defendant obtained possession of said truck, in a garage at Goodwater, Ala., being held for charges for labor and material done and furnished for said truck, and defendant avers that the plaintiff Oscar Campbell agreed with the defendant that, if the defendant would pay the operator of the said garage the charges which were · against said truck, the plaintiff Oscar Campbell would let the defendant keep the possession of said truck until the defendant was fully repaid for the amount the defendant expended to get said truck out of said garage, and the said Campbell agreed with the defendant that he (the said Campbell) would work for the defendant until the amount was paid; and that, if the said truck would haul lumber from defendant's sawmill to Goodwater, the said truck could haul said lumber, and for such hauling defendant agreed to give plaintiff credit for the reasonable value. of said truck's services in hauling such lumber until the amount plaintiff owed defendant was fully paid. Defendant avers that plaintiff Oscar Campbell failed and refused to work for defendant and repay him such money, and that the services of such truck was not of sufficient value to repay the defendant at the time of the commencement of this suit, and has not been of sufficient value until

the present to repay the defendant said amount."

Plaintiffs' special replications, stricken on motion of defendant, are as follows:

"(2) Plaintiff avers that the defendant obtained plaintiffs' truck, first, by agreeing to pay plaintiffs $5 per day for the hire and use of said truck until the sum of $39 was paid, which sum the defendant paid for the plaintiffs to one, Frank Pruitt for repairs made on said truck by said Pruitt, and that this took place in June or the 1st of July, 1923, and the defendant contracted and agreed to allow the plaintiffs full or straight time for the hire or use of said car, and to pay them $5 per day for the hire or use of said truck until the sum of $39 was paid, and plaintiffs aver that the defendant took possession of said truck under said agreement, and used the same from on or about the 13th day of June, 1923, until on or about the 17th day of August, 1923, at the time this suit was brought, and refused and failed to deliver said truck to the plaintiffs on their demand.

"(3) For further replication to defendant's plea No. 4, plaintiffs aver that, on or about the 15th day of August, 1923, the plaintiffs obtained possession of said car from the defendant while in the town of Goodwater from one Frank Smith, who was using said truck for the defendant, and on said date the defendant's servant, agent or employee, Frank Smith, took said truck from the possession of this plaintiff, and the defendant has had possession of it since that time, and plaintiffs aver that said Frank Smith was the employee, agent, or servant of the defendant, who took said truck from the plaintiffs while acting in the line and scope of his employment by the defendant."

John A. Darden, of Goodwater, for appellants.

Demurrer to pleas 3 and 4 should have been sustained. Under Code, § 7404, defendant's plea of general issue admits possession. Section 7402 does not apply in this case. McDaniel v. Sullivan & Bramlett, 144 Ala. 583, 39 So. 355; Bettis v. Taylor, 8 Port. 564; Code 1923, §§ 6743-6747, 8372; Spencer v. Leland, 178 Ala. 282, 59 So. 593; Staples v. City Bank & Trust Co.; 194 Ala. 687, 70 So. 115; Keeble v. Jones, 187 Ala. 207, 65 So. 384. The judgment is against the plaintiffs and their sureties for costs. This is unauthorized; there could be no judgment against the sureties for costs. Code 1923, §§ 7391, 7392, 7394; Clem v. Wise, 133 Ala. 403, 31 So. 986; Rand v. Gibson, 109 Ala. 266, 19 So. 533; Jordan v. Appleton, 209 Ala. 290, 96 So. 195; Pocahontas Graphite Co. v. Minerals Separation N. A. Corp., 215 Ala. 225, 109 So. 873.

Pruet & Glass, of Ashland, for appellee.

Brief did not reach the Reporter.

SAYRE, J. Statutory action of detinue. Judgment for defendant. Appeal on the record. No bill of exceptions.

[1-3] So far as we are able to gather the facts, or alleged facts, from the pleadings, there was no reversible error in overruling the demurrers to defendant's pleas 3 and 4. There was, however, no necessity for special pleading. The general issue, adequately pleaded, sufficed to present every question raised on the pleadings. Foster v. Chamberlain, 41 Ala. 158, 165; Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115; Pinckard v. Bramlett, 165 Ala. 327, 330, 51 So. 557; Knight v. Garden, 196 Ala. 516, 518, 71 So. 715. However, the pleas in question presented a good defense—substantially the same in both pleas—because they showed defendant to hold by assignment, good as against one at least of the two plaintiffs a lien with the right of possession, so that one of the plaintiffs, having no right to recover possession as against defendant, could not improve his right by joining another who had a right. The right of plaintiff in an action of this sort must be entire and exclusive. 18 C. J. 996, note 11, where numerous cases from this jurisdiction are cited. A different conclusion would follow if it had appeared that defendant had no interest in the property. Morningstar v. Stratton, 121 Ala. 437, 25 So. 573.

[4] Nor was there error in striking plaintiff's special replications, for the reason that, assuming there was merit in the matter so pleaded, that fact could have been shown under the general replication sufficiently pleaded. The authorities cited first above will serve to show there was no reversible error at this point.

[5] If defendant had a lien, under the statute (section 8863 of the Code), on the automobile truck in suit, and the facts alleged showed such lien, he had a right to possession which would defeat the action in detinue. Beck v. Crow, 204 Ala. 295, 85 So. 489. The lien claimed, but denied, in Forbes v. Alabama Machinery Co., 176 Ala. 423, 58 So. 398, was a lien claimed under the Code creating liens on real estate in favor of mechanics and materialmen. That case is not in point. An equitable title will not support the action of detinue, but such title, with the right to possession as against the plaintiff, will defeat such action.

We are unable to see that sections 6743-6747 have any bearing on the case presented by the record—a case, as we have said, of detinue for the recovery of an automobile truck.

[6] The judgment against plaintiffs and the sureties on the replevy bond followed the statute (section 7389 of the Code) and the terms of the bond given by plaintiffs. There was no question as to judgment under section 7394 of the Code, for defendant had availed himself of the privilege afforded by section 7389, and had retained possession. When verdict and judgment went for defendant, as they did, plaintiffs and the sure-

ties on their bond were liable only for costs. Different questions were involved in the cases cited to this point by plaintiffs appellants.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.