**FARMERS' & MERCHANTS' STATE BANK OF BALLINGER v. BLACK et al.**

No. 7800. .

Court of Civil Appeals of Texas. Austin.
Nov. 30, 1932.

Rehearing. Denied Dec. 21, 1932.

Frank C. Dickey, of Ballinger, for appellant.

Baker & Baker, of Coleman, and Paul Petty, of Ballinger, for appellees.

BLAIR, J.

Appellant sued appellees upon two notes and to foreclose a chattel mortgage securing them on, among other property, "the crop of cotton, feed, etc.," raised on 250 acres of land described. Appellees filed a sworn plea that this crop provision was inserted after the execution of the mortgage and without their knowledge or consent. The jury found these issues favorably to appellees, and the judgment accordingly denied a foreclosure of the mortgage.

The judgment denying foreclosure of the mortgage must be reversed, because the court erroneously refused to admit in evidence the financial statement executed by appellee C. Black as a part of the loan transaction in suit, and as being material upon the issue of alteration of the mortgage.

The financial statement consisted of a list and the value of various properties belonging to appellees, and included 350 acres of land valued at $15,000. Appellant's agent, who drew the mortgage, notes, and financial statement, testified that the crop provision was inserted before the mortgage was executed, at the suggestion of appellees. That the description of the land and crops of cotton and feed in the mortgage was obtained from appellees and in a large measure from the financial statement, which was required by appellant as a part of the loan transaction and which was executed by appellee C. Black on the same day the notes and mortgage in suit were executed and as a part of the same transaction. The financial statement was therefore admissible as original evidence as collateral or res gestæ writings, under the rule announced in 2 C. J. 1285, § 205, that "other documents than those alleged to have been altered, but which are connected with some part of the same general transaction, are admissible in evidence to throw light upon the issue of an alteration in the instrument involved." Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115; 17 Tex. Jur. 635, § 266.

The only issue in the case was whether the mortgage had been altered after its execution. The evidence was sharply conflicting on the issue, making very material the admission in evidence of the financial statement as throwing light upon the issue of the alteration.

Appellant's agent also testified that appellees represented that they owned the land, and that they would plant 250 acres of it in cotton and feed as the security covered by the mortgage. Appellee C. Black testified that he executed the financial statement knowing that it contained the statement that all the appellees owned 350 acres of land. On the trial of this case he testified that he only owned 100 acres of land at the time he executed the mortgage in suit. The manifest purpose of this evidence was to show that appellee would not have executed a mortgage on property not owned by him. His financial statement was to the contrary, and it was therefore admissible in evidence to impeach his testimony given on the trial of this case.

The judgment on the notes is not attacked, and is affirmed. The judgment denying a foreclosure of the mortgage lien is reversed,

578

and the cause in that regard is remanded for another trial.

Affirmed in part, and in part reversed and remanded.