(103 So. 602)

### AHRENS–RICH AUTO CO. v. LOVE. (6 Div. 354.)

(Court of Appeals of Alabama.   March 17, 1925.)

1. Appeal and error &=544(1)—Reversible error not predicable on refusal of defendant's special charges, where no bill of exceptions, and oral charge not in record.

Reversible error was not predicable on refusal of defendant's special charges, where there was no bill of exceptions, and court's oral charge was not set out in record, since refused charges may have been fully covered by court's oral charge.

2. Appeal and error &=1040(15)—Overruling defendant's demurrers to plaintiff's replications in action of detinue held harmless.

In action in detinue, in which defendant pleaded the general issue, overruling of defendant's demurrers to plaintiff's replications held harmless, since plea put in issue plaintiff's right to recover, and hence evidence negativing right of possession of plaintiff or defendant was competent.

3. Appeal and error &=544(1)—Overruling of defendant's demurrers to plaintiff's replications not shown to be harmful.

Appellate court could not say that defendant suffered injury by trial court's overruling of his demurrers to plaintiff's replications in action in detinue, where there was no bill of exceptions, and oral charge of court was not set out.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

---

Action in detinue by James E. Love against the Ahrens-Rich Auto Company. Judgment for plaintiff, and defendant appeals. Affirmed.

David R. Solomon, of Birmingham, for appellant.

The absence of a bill of exceptions does not conclude against error, where such is shown by the record proper. Hendern v. T. C. I. Co., 190 Ala. 126, 67 So. 414; Black v. Sloss Co., 202 Ala. 506, 80 So. 794; Lloyd v. O. of G., 200 Ala. 694, 77 So. 237; Beiser v. W. O. W., 199 Ala. 41, 74 So. 235; W. O. W. v. Ward, 201 Ala. 446, 78 So. 824; Walker v. Fletcher, 16 Ala. App. 218, 77 So. 56.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Charges given and refused will not be considered, in the absence of a bill of exceptions and the court's oral charge. Bell v. Burns, 206 Ala. 465, 90 So. 491; Supreme Court rule 45; Schafer v. Hausman, 139 Ala. 237, 35 So. 691; Shearin v. Pizitz, 208 Ala. 244, 94 So. 92. The matters being provable under the general issue, the rulings on demurrer to replications, if error, will not reverse. Knight v. Garden, 196 Ala. 516, 71 So. 715; Snellgrove v. Evans, 145 Ala. 600, 40 So. 567; Berlin Mach. Wks. v. Ala. City Co., 112 Ala. 488, 20 So. 418; Foster v. Chamberlain, 41 Ala. 158; Stamps v. Thomas, 7 Ala. App. 622, 62 So. 314; Camp v. Bonham, 10 Ala. App. 258, 64 So. 649; Shearin v. Pizitz, 208 Ala. 244, 94 So. 92.

RICE, J. This was an action in detinue brought by appellee against appellant, resulting in a judgment in favor of the former, and the appeal is on the record proper, without a bill of exceptions. The only questions presented for our consideration are those involving the propriety of the trial court's overruling defendant's (appellant's) several demurrers to plaintiff's (appellee's) replications 1, 2, 3, and 5 to appellant's special plea A, and the action of the said court in refusing to give to the jury appellant's written charges 7 and 5.

It would seem unnecessary to enter upon a discussion of the nature of the appeal—whether it is from a whole, or a part, of the judgment entered, as, in the view we take of the case, a disposition may be made of the assignments of error argued by appellant in its brief filed on this appeal, without a treatment of the matter suggested.

[1] Error is assigned, though, if we cared to be technical not argued sufficiently to demand our consideration, upon the refusal of appellant's charges numbered 7 and 5. We need not inquire as to the propositions of law asserted in those charges, for there is no bill of exceptions, nor is the court's oral charge set out in the record, as it should be. In this state of the record reversible error cannot be affirmed of the trial court's ruling in respect to these charges. They may have been fully covered by the court's oral charge. Bell v. Burns, 206 Ala. 465, 90 So. 491. But we might say we do not think the refusal of either of them would probably have been error anyway. Ala. City, Gadsden & A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805; Town of Athens v. Miller, 190 Ala. 82, 66 So. 702.

[2, 3] This was a common-law action, and to the complaint, consisting of only one count, there was interposed the plea of the general issue. This being so, we hold that the defendant (appellant) could have given in evidence any matters undertaken to be set out by it in its special plea A, and the plaintiff would have likewise, by joining issue, been entitled to have given in reply any matters undertaken to be set up by him in the special replications, to which demurrers were overruled.

As said by Mr. Justice Anderson in the opinion in Snellgrove v. Evans, 145 Ala. 600, 40 So. 567:

"The gist of the action of detinue is the defendant's wrongful possession and the plaintiff's right to immediate possession, and evidence negativing either of these facts is competent under the general issue. Foster v. Chamberlain, 41 Ala. 167; Carlisle v. Bank, 122 Ala. 446, 26 So. 115; Berlin Works v. Ala. Co., 112 Ala. 488, 20 So. 418."

And, quoting from the opinion by Mr. Justice Thomas in Knight v. Garden, 196 Ala. 516, 71 So. 715:

"The books are agreed that detention is the gist of the action of detinue. * * * The general issue * * * is non detinet. * * * An averment that the allegations of the complaint are untrue is a plea of the general issue. * * * This plea puts in issue the right of the plaintiff to recover, * * * and evidence negativing the right of possession of plaintiff or of defendant is competent."

So whatever may have been the merits or demerits of the replications to which demurrers were overruled, we are unwilling to affirm reversible error by the trial court in overruling the said demurrers because of the manifest want of injury suffered by appellant, or at least, because of our inability in the present state of the record, there being no bill of exceptions, and the oral charge of the court not being set out, to say that appellant did suffer injury thereby.

There appearing no prejudicial error in the record, let the judgment be affirmed.

Affirmed.