7 So.2d 319

**MUTUAL SAV. LIFE INS. CO. v. OSBORNE.**

**8 Div. 135.**

Supreme Court of Alabama.

Oct. 30, 1941.

S. A. Lynne, of Decatur, for petitioner.
Watts & White and John R. Thomas, Jr., all of Huntsville, opposed.

LIVINGSTON, Justice.

The judgment of the Court of Appeals dismissing the appeal cannot be sustained. It was taken within the time provided and allowed by the statute so far as appears from the record. It is true the notice or citation was not served for several months afterwards, but this irregularity affected only the question as to when the appeal should stand for trial, and not the jurisdictional validity of the appeal itself, which became complete when it was prayed for and the requisite security given. Willingham v. Harrell, 34 Ala. 680; Moore v. Spier, 80 Ala. 129; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241.

It may be the appellee had his remedy for this delay by requesting a judgment of affirmance on production of the proper certificate from the court below; but this he did not do.

In the cases cited in the opinion of the Court of Appeals it appears that there was no service of notice or citation of appeal, not a belated service.

It therefore follows that the petition for writ of certiorari is awarded, and the cause reversed and remanded to the Court of Appeals for consideration on the merits.

Writ awarded; reversed and remanded.

All the Justices concur, except KNIGHT, J., not sitting.