7 So.2d 319

## MUTUAL SAV. LIFE INS. CO. v. OSBORNE.

8 Div. 182.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 16, 1942.

S. A. Lynne, of Decatur, for petitioner.

Watts & White and John R. Thomas, Jr., all of Huntsville, opposed.

PER CURIAM.

The Court of Appeals in the opinion reviewed here on certiorari, 7 So.2d 319,[1] dismissed the appeal on the ground, not that the appellant was guilty of negligence in prosecuting the appeal but that said court did not obtain jurisdiction of the appellee's person by the issuance and service of a citation of appeal before the motion to dismiss was made, and stresses the default of the clerk in failing to issue the certificate and citation of appeal.

The duty of the appellant to diligently prosecute his appeal, by causing the necessary steps to be taken to perfect the appeal, or show cause for not doing so, was ignored. The effect of our holding was that the issuance and service of the citation and the certificate of appeal, gave the court jurisdiction of the person, and reversed the judgment dismissing the appeal.

The case is here again on certiorari to review the opinion of the Court of Appeals affirming the order of the circuit court granting the plaintiff's motion for new trial, on grounds among others that the verdict of the jury was contrary to the great weight of the evidence. This ruling necessarily required a full review of the evidence, and a finding of facts from the evidence, and the judgment and conclusion of the Court of Appeals is not subject to review here.

The writ of certiorari is therefore denied and the judgment of the Court of Appeals is affirmed.

Writ denied.

All Justices concur, except KNIGHT, J., not sitting.