20 So.2d 727

## FAUST v. BAKER.

### 4 Div. 774.

Court of Appeals of Alabama.
Oct. 31, 1944.

Rehearing Denied Jan. 9, 1945.

See, also, ante, p. 152, 13 So.2d 439.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

M. Sollie and Chas. O. Stokes, both of Ozark, for appellee.

RICE, Judge.

This appeal was submitted on "Motion and Merits." The "motion" is one, duly filed, to dismiss the appeal, based on two grounds: One, that no citation of appeal was issued to and served on appellee in accordance with Code 1940, Title 7, Section 801; and, two, that the transcript of the proceedings below was not filed in this court within the time prescribed by Code 1940, Title 7, Section 769, or by Supreme Court Rule 41, Code 1940, Tit. 7 Appendix.

As for the *second* of the above grounds, the provisions of Code 1940, Title 7, Section 770, are, among other things, that "the appellate court may for good cause extend the time for filing the transcript."

Giving due consideration to the statements, and admissions—tacit and otherwise—in briefs of counsel on file here, and our knowledge of the situation surrounding the appeal as gained from our contact with same, we have no hesitancy in declaring that "good cause" is shown for the delay in filing the transcript in this court. We do not believe appellee's learned counsel would argue otherwise. So that ground of appellee's motion will not be further considered.

As for the *first* ground of appellee's said motion, it is helpful, we believe, to set down the facts relating thereto as found collected in appellee's brief filed here in support of same. They are as we quote, viz.: "According to the record in this case, it was tried in the Circuit Court at Law of Dale County, Alabama, and judgment in favor of Appellee rendered therein, August 17th, 1942. On August 31st, 1942, the Appellant appealed from said judgment by filing with the Clerk of the Circuit Court of Dale County his security for costs of appeal. The transcript was filed in this Court on the *15th* day of September, 1943, a period of thirteen months from the time the appeal was taken. The transcript attempts to show a notice or citation of appeal on Page 19 of the Transcript, but it is to be noted that this citation of appeal is directed to one 'W. H. Faust' and cites him 'to appear at the next Term of the Court of Alabama to defend

on said appeal, if you shall think proper to do so,' and is dated August 20th, 1942. It is further to be noted that this purported citation of appeal appears to bear an endorsement thereon as follows: 'I have executed the within Writ this Aug. 20th, 1942, by handing a copy to M. Sollie.' This was prior to the date of filing the security of costs of appeal by eleven days."

We doubt, but do not believe, that the "citation of appeal" as described in the "statement of facts" contained in appellee's brief, which we have quoted, was a compliance with the terms of Code 1940, Title 7, Section 801. And we make this statement even though appellee's usually very careful counsel—inadvertently, we are sure—left off—which we now add—after the words "M. Sollie" where they appear in his "statement of facts" above, the endorsement, actually appearing in the record: "W. H. Faust, Sheriff, J. D. Wilkinson, Deputy Sheriff."

And there was a time when we would have felt that this omission to comply, literally, with the terms of Code 1940, Title 7, Section 801, demanded that we grant the motion to dismiss the appeal. Mutual Sav. Life Ins. Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314.

In this Osborne case, just cited, we did grant a motion by appellee to dismiss the appeal because appellant did not cause a "citation of appeal" to be served on appellee in accordance with the Code section hereinabove cited until months after appellee had made his said motion.

But our Supreme Court, in granting certiorari to us in the said case, made these remarks which we think should be here considered and given weight, viz.: "The judgment of the Court of Appeals dismissing the appeal cannot be sustained. It was taken within the time provided and allowed by the statute so far as appears from the record. It is true the notice or citation was not served for several months afterwards, but this irregularity affected only the question as to when the appeal should stand for trial, and not the jurisdictional validity of the appeal itself, which became complete when it was prayed for and the requisite security given." And, further: "In the cases cited in the opinion of the Court of Appeals it appears that there was no service of notice or citation of appeal, not a belated service." Mutual Sav. Life Ins. Co. v. Osborne, 242 Ala. 19, 7 So.2d 319.

From the facts, and the holding thereon, in this Osborne case, and the language used by the learned justice writing for the Supreme Court on certiorari, together with the statement in the opinion for the Supreme Court by Mr. Justice Thomas in the case of Maya Corporation et al. v. Smith, et al., 239 Ala. 470, 196 So. 125, 128, viz.: "Notice of the appeal need not be given within the six months period allowed by law for taking an appeal," we conclude that there is doubt but whether appellant could yet take steps that would result in his being allowed to now have the requisite "citation" properly issued and served.

Here, we are confronted with no situation calling for a decision that appellant has been in any way "negligent" in prosecuting his appeal. Mutual Sav. Life Ins. Co. v. Osborne, 242 Ala. 589, 7 So.2d 319 (2nd case). Whatever delay—undue delay—appears, seems uncontrovertedly to have been at appellee's earnest request—with his assurance that no advantage would accrue to him thereby.

So we are faced squarely by the question of whether or not we will dismiss the appeal because of the imperfect compliance with the terms of Code 1940, Title 7, Sec. 801.

█ In view of the utterances of our Supreme Court above noted; and in view of the doubt in our minds as to whether or not the issue and service of the "citation" hereinabove described was a substantial compliance with the Code Section mentioned, we have concluded that it is our duty to overrule appellee's motion to dismiss the appeal. And it is so ordered.

We come now to the merits.

The appeal is on the record proper, without bill of exceptions.

This was an action in detinue brought by appellant against appellee, resulting in a judgment in favor of the latter. The only questions presented for consideration are those involving the propriety of the trial court's overruling plaintiff's (appellant's) demurrers to defendant's pleas 3, 4, and A.

The record sent up here is very confusing; and it is difficult to determine whether or not demurrers were actually filed to the three pleas mentioned. But counsel treat the matter in their briefs as though the record was regular; and we will do likewise.

The three pleas mentioned have had our careful scrutiny. But so far as we can see there is nothing set forth in either of them that would not have been admissible—rather, evidence of it—under the defendant's plea of the general issue, which was on file. So we can not see that it mattered, whether demurrers were sustained, or overruled, to said pleas.

The case of Tillis & O'Neal v. Austin, 117 Ala. 262, 22 So. 975, to our minds presents an analogous situation. There was a statutory action of detinue, brought by the appellants, Tillis & O'Neal, against the appellee, A. W. Austin, to recover certain personal property specifically described in the complaint. The plaintiffs based their right of recovery upon a mortgage which was signed by the defendant, and which conveyed to the plaintiffs the property sued for. (As in this case, we remark.)

The defendant pleaded the general issue and a special plea, described in Chief Justice Brickell's opinion in the said case,—which we quote in extenso,—to-wit: "The demurrer to the special plea interposed by the defendant, and the motion to strike the same from the file, were properly overruled. The plea declared, in substance, that the execution of the mortgage under which plaintiffs claimed title to the chattels sued for was procured by fraud; that defendant had refused to sign a mortgage, as requested by plaintiffs, but had agreed to sign a note, and that thereupon plaintiffs had instructed their clerk to prepare a note; that said clerk then filled out a paper about the size of an ordinary note, and told defendant it was a note, and not a mortgage; and that defendant, relying upon the representation that the instrument was a note and not a mortgage, signed the same without reading it, believing it to be a note, and not a mortgage. When the execution of an instrument, which the party signing did not intend to sign, and did not know he was signing, is procured by a misrepresentation of its contents, and the party signing it does so without reading it or having it read, relying upon such misrepresentations and fraud, and believing he is signing a different instrument, he can avoid the effect of his signature, notwithstanding he was able to read, and had an opportunity to read the instrument. [Beck & Pauli] Lith. Co. v. Houppert & Worcester, 104 Ala. [503], 506, 16 So. 522, [53 Am.St.Rep. 77]; Burroughs v. Pacific Guano Co., 81 Ala. [255],

258, 1 So. 212. It was not necessary, therefore, to have averred in the plea that the defendant was unable to read. In an action of detinue, in which plaintiff claims title under a mortgage executed by defendant, such defense is available under a plea of the general issue or non detinet, and it was competent to prove every fact alleged in the special plea under the plea of the general issue, which was pleaded in the cause. Foster v. Johnson, 70 Ala. [249], 251. And while a special plea setting up a defense which is fully covered by other pleas in the cause, or which is available under a plea of the general issue, which is pleaded, may properly be stricken from the file on motion, yet the refusal of the motion or the overruling of a demurrer to the plea is without injury to the plaintiff. Feibelman v. [Manchester Fire] Assurance Co., 108 Ala. 180, 19 So. 540." And see Foster v. Johnson, 70 Ala. 249; and Ahrens-Rich Auto· Co. v. Love, 20 Ala.App. 502, 103 So. 602.

As Chief Justice Brickell said, above, we repeat: "And while a special plea setting up a defense * * * which is available under a plea of the general issue, which is pleaded, may properly be stricken from the file on motion, yet the refusal of the motion *or the overruling of a demurrer to the plea* is without injury to the plaintiff." (Italics ours.)

The judgment appealed from is affirmed.

Affirmed.