27 So.2d 201

## CARTER v. CARTER et al.
### 8 Div. 341.

Supreme Court of Alabama.
June 13, 1946.

Rehearing Denied Aug. 2, 1946.

Bradshaw & Barnett, of Florence, for appellant.

Fred S. Parnell, of Florence, for appellees.

BROWN, Justice.

This proceeding was initiated by a bill filed by William J. Carter against his wife Iver Lee Carter, seeking absolute divorce, on the ground that said Iver Lee Carter had voluntarily abandoned him during the year 1938, which abandonment has been continuous since that day. The bill was filed December 14, 1944. Iver Lee Carter filed an answer, which was made a cross-bill, seeking absolute divorce and alimony, temporary and permanent, alleging that complainant has been guilty of adultery with Mary Mackey, a woman in his employ. By subsequent amendment Mary Mackey and William J. Carter, Jr., were made parties defendant to the cross-bill, with supplemental allegation that in the same court in which the bill was filed, Iver Lee Carter had been decreed alimony independent of divorce, on which installments were due and to become due and said complainant had made voluntary conveyances or transfer of all of his property and assets to William J. Carter, Jr., and Mary Mackey for the purpose of hindering, delaying and defrauding the said defendant Iver Lee Carter in the enforcement of her rights to support. The complainant William J. Carter, filed motions to strike that portion of the cross-bill making William J. Carter, Jr., and Mary Mackey parties defendant to the cross-bill as amended, on grounds, in substance, that the matters set up in the cross-bill were foreign and not germane to the subject-matter of the original bill, and that their joinder as defendants to the cross-bill was unauthorized. William J. Carter, Jr., and Mary Mackey each demurred to the cross-bill on like grounds as set up in the motion.

The court in the decree of January, 1946, granted the motion to strike "that part of the cross-bill of the complaint as amended, making Mary Mackey and William J. Carter, Jr., parties cross-respondent," and at the same time and in the same decree sustained the demurrer of each of said defendants to the cross-bill. This appeal is from that decree and the record here shows that all the parties appeared by counsel, and in brief the appellees argued to sustain the rulings of the court as to the motions to strike made by the complainant William J. Carter and the demurrer filed by the defendants William J. Carter, Jr., and Mary Mackey. This

was a waiver of the point made for the first time in the motion of the last named parties, on rehearing, to dismiss the appeal as to them, on the ground that they were not served with citation of the appeal. Beatty v. McWilliams, 226 Ala. 405, 147 So. 180; Mutual Savings Life Ins. Co. v. Osborne, 242 Ala. 19, 7 So.2d 319.

 The decree granting the motion to strike if upheld eliminates Mary Mackey and William J. Carter, Jr., as parties defendant to the cross-bill, and as to them is tantamount to a final decree of dismissal. The decree sustaining the demurrer is interlocutory, and holds that the parties brought in by the amendment were improperly joined as parties defendant to the cross-bill, leaving the matter of further pleading to the complainant in the cross-bill, to amend or suffer dismissal. Mountain Brook Estates v. Solomon, 247 Ala.Sup. 157, 23 So.2d 1; Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192.

The decree is erroneous in both respects. The original bill and the cross-bill relate to the same subject-matter,— the marital relations between the complainant and the defendant to the original bill, and the rights and duties in respect thereto, —and the relief sought by the cross-bill is germane to the subject-matter of the original bill. Bickley v. Bickley, 136 Ala. 548, 34 So. 946.

Appellee seems to rely upon Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223, as authority to sustain the decree appealed from. Since the decision in that case the Legislature amended the statute providing for statutory cross-bills, so as to authorize the bringing in of outside parties [Acts 1936-37, p. 208], and the statute as amended is now embodied in Rule 26 of Equity Practice. The rule provides: "When the presence of parties other than those to the original bill is required for the granting of complete relief, such outside persons may be made defendants to a cross-bill incorporated in the answer or otherwise. * * *" Code 1940, Tit. 7, pp. 1065, 1066.

The said Mary Mackey and William J. Carter, Jr., were proper parties defendant to the cross-bill. Hinds v. Hinds, 80 Ala. 225; 17 Amer. Juris. p. 292, § 276; Puckett v. Puckett, 174 Ala. 315, 56 So. 585. Demurrer was the appropriate vehicle in pleading to test the question of misjoinder.

The decree is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.