41 So.2d 388

### COLLINS v. COLLINS et al.
#### 5 Div. 472.

Supreme Court of Alabama.
June 30, 1949.

Morgan Reynolds and Reynolds & Reynolds, of Clanton, for appellant.

Conrad M. Fowler and Ellis & Fowler, of Columbiana, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Iva Lee Collins (appellant) to the cross-bills of Lydia Collins and Tom Collins (appellees). Lydia Collins and Tom Collins are wife and husband and Iva Lee Collins is the widow of Alfred H. Collins, the deceased son of the appellees.

The purpose of the bill of complaint is to recover of the appellees the proceeds of certain policies of insurance collected by Lydia Collins on the death of her deceased son Alfred H. Collins, who was the insured in the policies. In each of these policies Lydia Collins was named beneficiary. The bill alleges that in each of the policies of insurance the insured had the right to change the name of the beneficiary and "your complainant was duly made the beneficiary in each of said policies after her marriage to said Alfred H. Collins; that each of said policies of insurance on the life of Alfred H. Collins were by the said Alfred H. Collins duly assigned and delivered to your complainant with whom the said Alfred H. Collins was then living as his wife and that each of said policies of insurance were in the possession and control of your complainant at the time of the death of the said Alfred H. Collins under the assignment and delivery of the same heretofore made to the complainant by the said Alfred H. Collins." It is further alleged that subsequent to the death of Alfred H. Collins, Lydia Collins unlawfully procured possession of the policies and collected the proceeds thereof.

The bill of complaint further alleges that the proceeds of the insurance were used by Lydia Collins to pay off certain mortgages in favor of Sol Rudolph on the property of Tom Collins, her husband, and to make improvements thereon. In the bill of complaint Iva Lee Collins seeks to be subrogated to the rights of Sol Rudolph as mortgagee and to fasten a lien on the lands contained in the mortgage and described in the bill of complaint for the payment of the proceeds of the insurance money to Lydia Collins.

Lydia Collins and Tom Collins each filed answers to the bill of complaint which were prayed to be taken as cross-bills. The answers show that Lydia Collins was named as the beneficiary in the insurance policies. She denies that the policies or any of them were assigned and delivered to the complainant. She further alleges that the policies were in her possession, having been delivered to her by her son and that the complainant without her knowledge or consent "surreptitiously extracted from respondent's purse the policy of Provident Life and Accident Insurance Company, the policy issued by the Protective Life Insurance Company and General American Life Insurance Company but she did not procure possession of the National Service Life Insurance certificate which was and has remained in the possession of respondent Lydia Collins." She also alleges that she is the owner of the policies and that there has been no change in the name of the beneficiary, she being still named as beneficiary in the policies. The cross-bill of Tom Collins in effect adopts the allegations of the cross-bill of Lydia Collins and makes further allegations which do not appear to be necessary for the purposes of this appeal. The cross-bill of Tom Collins prays for a decree by the court that Iva Lee Collins has no right of subrogation to the mortgages executed by Tom Collins and Lydia Collins to Sol Rudolph or to a lien on the real estate. Both cross-bills pray for a decree that Iva Lee Collins has no claim whatsoever on the proceeds of any insurance policy and for general relief.

The sole proposition advanced by the appellant is that the rights set forth by the appellees by way of cross-bills are nothing more or less than a denial of the rights on which the complainant bases her original bill and that this being true the court should have sustained the demurrer to the cross-bills.

▮ There is no doubt that where full relief is obtainable by a defendant under an answer a cross-bill will not be entertained. Hermione Lodge No. 16, Knights of Pythias v. Grand Lodge etc., 248 Ala. 473, 28 So.2d 166, 168 A.L.R. 948; Latimer v. Milford, 241 Ala. 147, 1 So.2d 649; Wood v. Amos, 236 Ala. 477, 183 So. 639.

But a cross-bill is appropriate according to our decisions "when it sets up new matter not in the original bill and prays for affirmative relief or presents the same subject matter in a different aspect, or as otherwise expressed, to obtain relief for any cause connected with or growing out of the bill." Authorities supra. We think it clear that when the cross-bill presents the same subject matter in a different aspect, it must still seek affirmative relief in order to meet the requirements of a cross-bill. It was pointed out in Hermione Lodge No. 16 Knights of Pythias v. Grand Lodge etc., supra, that affirmative relief was sought under the cross-bill and the matters constituting the relief sought in the cross-bill were enumerated and described. The relief sought under the cross-bill was likewise described in Latimer v. Milford, supra. We mention these cases as illustrating the principle to which we refer.

There was no demurrer to the original bill. But we understand that in the original bill Iva Lee Collins propounds her claim to the proceeds of the insurance policies while in the cross-bills Lydia Collins and Tom Collins set up their respective rights thereto. Iva Lee Collins seeks to give her bill equity by claiming to be subrogated to the rights of Sol Rudolph as mortgagee and by being entitled to a lien on the land of Tom Collins for the amount spent on improvements thereon. Briefly stated the claim of Iva Lee Collins to the proceeds of the insurance seems to be based upon a gift of the policies to her. Jennings v. Provident Life & Accident Ins. Co. et al., 246 Ala. 689, 22 So.2d 319; Hutchins v. Whatley, 248 Ala. 449, 28 So.2d 191. On the other hand Lydia Collins claims to be the beneficiary named in the policies and the owner thereof. The validity of the respective claims is not before us for decision. We are merely trying to explain that respective claims are alleged to the insurance which are antagonistic as set up in the bill and the cross-bill.

▮ We think it follows from what we have said that if the claims of Lydia Collins and Tom Collins prevail, this necessarily results in a denial of the claim of Iva Lee Collins. If the claim of Iva Lee Collins is denied, then this is all the relief which Lydia Collins and Tom Collins can

520

secure, because there is no affirmative relief to which they can be entitled. They already have received the proceeds of the insurance. Since they can receive full relief under their answers, which deny the claim of Iva Lee Collins, the demurrer to the cross-bill should have been sustained. Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223; White v. Kinney, 211 Ala. 624, 101 So. 426; Hermione Lodge No. 16, Knights of Pythias v. Grand Lodge, etc., supra; Latimer v. Milford, supra; Wood v. Amos, supra.

But it is argued that the error, if error, is error without injury and that we applied this rule to a similar situation in Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726. In that case, however, it was shown that the cross-bill had more than one aspect and if the cross-bill had contained no equity in either aspect then the overruling of the demurrer would have been such error as to require reversal.

We think it a salutary rule of equity practice that a cross-bill should not be maintained if the defendant can obtain all the relief to which he is entitled under his answer, because the rule tends to eliminate confusion in the trial of equity cases. Lamar v. Lincoln Reserve Life Ins. Co., supra.

Accordingly the decree of the court is reversed, the demurrer to the cross-bills is sustained and the cause is remanded.

Reversed, rendered and remanded.

BROWN, FOSTER and LAWSON, JJ., concur.