47 So.2d 202

### CHAFIN v. CHAFIN.

8 Div. 554.

Supreme Court of Alabama.

June 22, 1950.

Scruggs & Scruggs, of Guntersville, for appellee.

H. H. Conway, of Albertville, for appellant.

STAKELY, Justice.

Rubye Brewer Chafin (appellee) filed her bill in equity against Herman Chafin (appellant). In the bill appellee seeks a divorce, custody of their minor child, alimony, counsel fees, the enforcement of a resulting trust and sale of an automobile for division. Appellant filed an answer to the foregoing bill denying that complainant was entitled to any relief under the bill and praying that the answer be taken as a cross-bill, that the bill be dismissed, that the care and custody of the child be granted to respondent until such time as complainant secures a proper place in which to rear the child and for general relief.

38

The appellee moved to strike the cross-bill on the grounds that no legal reason was shown for a cross-bill, that the respondent could obtain all relief sought by respondent under his answer and there was no equity in the cross-bill. The appellee also filed demurrers to the cross-bill on the ground, among others, that the respondent could obtain all the relief sought under his answer. The court entered a decree granting the motion to strike so far as "the document filed herein by respondent" purported to be a cross-bill and sustaining the demurrer "in the event the court should be in error in striking said cross-bill." The cause is sought to be brought here by appeal from the foregoing decree.

■■ When the cross-bill was stricken there was no cross-bill kept in the cause on which the demurrer could operate. But, we cannot review the action of the court in striking the cross-bill on appeal. Mandamus is the proper remedy. Boozer v. Blake et al., 245 Ala. 389, 17 So.2d 152; Ex parte Walter, 202 Ala. 281, 80 So. 119. Accordingly the appeal must be dismissed.

■■ However, it is not amiss for us to say that a cross-bill may not be maintained if the respondent can obtain all the relief to which he is entitled under his answer. Collins v. Collins, 252 Ala. 517, 41 So.2d 388; Hermoine Lodge No. 16, Knights of Pythias, of Decatur v. Grand Lodge, etc., 248 Ala. 473, 28 So.2d 166, 168 A.L.R. 948. We do not consider that a cross-bill is necessary for the respondent to secure custody of the child. The full powers of the equity court were invoked by the bill to protect the welfare and best interests of the child. Bureau of Catholic Charities v. Deakle, Ala.Sup., 45 So.2d 163.[1] On the issues made by the bill and answer the court could grant the custody of the child as its best interests required to either the complainant or the respondent. Cornelius v. Cornelius, 31 Ala. 479.

We do not consider that Carter v. Carter, 248 Ala. 251, 27 So.2d 201, cited by appellant, is contrary to what we have said. In that case a question of misjoinder of parties was presented. Here the same parties are involved in both the original bill and the cross-bill.

Appeal dismissed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.