68 So.2d 551

### WILLIAMS v. SCHAEFFER.

8 Div. 667.

Supreme Court of Alabama.

Nov. 19, 1953.

Rains, Rains, Odom & Acee and Wesley W. Acee, Jr., Gadsden, for appellant.

Clark E. Johnson, Jr., Albertville, for appellee.

CLAYTON, Justice.

This is an appeal from a decree of the circuit court of Marshall County, in equity, sustaining a demurrer to cross-bill of appellee.

Very briefly, the facts alleged are: That Vada Williams was adjudged a bankrupt on January 24, 1951, in the United States District Court for the Northern Division of Alabama; that in said proceedings, Joseph S. Powell of Boaz, Alabama, filed a claim against her in the sum of $2,000, with accrued interest from January 18, 1951, and court costs in the sum of $73.90, said sum being claimed due as the result of a tort judgment. The record recites the date of filing of the tort suit as January 24, 1951, which manifestly is a mistake. Other creditors are also alleged to exist.

On November 2, 1950, Vada Williams conveyed by statutory warranty deed certain real property to her husband, Nathan Williams; and on November 8, 1950, she transferred to him by bill of sale, a stock of merchandise, equipment, etc., contained in and connected with a grocery store and filling station.

The bill of complaint in this cause, filed by William F. Schaeffer, as trustee in bankruptcy, seeks to set aside these conveyances as void because made for the purpose of hindering, delaying or defrauding creditors of the respondent, Vada Williams. Both respondents, Vada Williams and Nathan Williams, by answer set out facts to show that the property involved was purchased by Nathan Williams on or about October 1, 1947, from B. W. Williams and wife, Dessie Williams, under a contract of purchase for a consideration of about $5,500; that this purchase price was paid with money of Nathan Williams, and that the deed from B. W. Williams was supposed to have been made to Nathan Williams, but that through mutual mistake, the deed executed on November 3, 1947, by B. W. Williams and wife named Vada Williams as the grantee; that Nathan Williams did not discover the mistake in said deed until about the first of November, 1950; that upon discovery of this mistake, Vada Williams conveyed the identical property to Nathan Wil-

liams by the deed and bill of sale sought to be set aside by the original bill. The answer denies all allegations of fraud and asserts the bona fides of the conveyances to correct a mutual mistake.

Nathan Williams by cross-bill alleges substantially the same facts, and also avers that said purchase and conveyance was not, and was never intended to be, an advancement to his wife, and prays for a reformation of the deed from B. W. Williams and wife, so as to name himself as grantee; and in the alternative, he prays that a resulting trust be decreed in his favor in said property as of November 3, 1947, the date on which his money was paid and the date of the deed from B. W. Williams and wife to Vada Williams. B. W. Williams, Dessie Williams, Vada Williams, and Joseph S. Powell are joined as cross-respondents. Schaeffer, as trustee in bankruptcy, the complainant in the original bill, challenges the equity of the cross-bill by demurrer, based on numerous grounds, directed to the cross-bill as a whole and to the two different aspects thereof, which demurrer was sustained by the trial court.

■■ Our view of the case makes a detailed treatment of the several grounds of the demurrer, directed to the various aspects of the cross-bill unnecessary. As we view it, the matters set out in the cross-bill do not establish any necessity for affirmative relief, since by voluntary action on the part of Vada Williams, title to the property in question has been vested in Nathan Williams. · Hence, the only question to be decided is whether or not the conveyances from Vada Williams to Nathan Williams were executed with intent to hinder, delay or defraud creditors of Vada Williams, or were justified by the circumstances. This can be determined from evidence which may be presented at the hearing on the original bill. In the event of the trial court's upholding these conveyances as justified, cross-complainant will have received everything he prays for in his cross-bill. This court has held many times that: "A cross-bill may not be maintained if the respondent can obtain all the relief to which he is entitled under his answer." Chafin v. Chafin, 254 Ala. 36, 47 So.2d 202, 203;

Collins v. Collins, 252 Ala. 517, 41 So.2d 388; Propst v. Brown, 250 Ala. 282, 34 So. 2d 497.

The decree of the circuit court sustaining demurrer to the cross-bill is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.