87 So.2d 626

**Lillie Pearl PEACOCK**

v.

**M. W. PEACOCK.**

4 Div. 871.

Supreme Court of Alabama.

May 24, 1956.

Joe Cassady, Enterprise, for appellant.

J. Hubert Farmer, Dothan, for appellee.

PER CURIAM.

This is an appeal by cross complainant from a decree sustaining a demurrer to the cross bill. That ruling of the court is the only error assigned.

The suit was begun by a bill on the equity side of the Circuit Court of Coffee County by appellee against appellant, seeking to have annulled a marriage entered into between the parties on September 17, 1954 in Coffee County, Alabama. The bill alleges that at that time appellant was insane, which fact was unknown to complainant (appellee); and that she is now confined to the Florida insane hospital at Chattahoochee, alleging that she was insane and committed by a Florida court.

The bill is sufficient to invoke the power of the court to annul the marriage as being void on account of the alleged insanity of appellant. Henley v. Foster, 220 Ala. 420, 125 So. 662. It has been held in this State that a court of equity has jurisdiction to decree that a marriage is null and void if it was celebrated in this State, although both parties are at present residents of another state. Jordan v. Courtney, 248 Ala. 390, 27 So.2d 783. We note that this Court has held that the state of residence of the parties also has jurisdiction although the marriage was celebrated in another state. Gwin v. Gwin, 219 Ala. 552, 122 So. 648; Hamlet v. Hamlet, 242 Ala. 70, 4 So.2d 901. The foregoing principles are not questioned here, and are repeated only to show that in this suit the court of equity is not without jurisdiction invoked by the original bill.

The cross bill is in two aspects: (1) to obtain a reasonable allowance for the support of respondent pending the suit, and

**334**

(2) on final hearing to obtain permanent alimony.

The answer, apart from the cross bill, admitted the marriage as alleged, but denied respondent's insanity at the time. It alleged that complainant caused her to be committed to the insane hospital in Florida, and that she was not then insane.

The demurrer is to the cross bill as a whole. The ground of demurrer which the trial judge thought was good is that the cross bill was not germane to the original bill.

Equity Rule 26, as amended December 17, 1954, permits a cross bill by a respondent against complainant (and others specified) to obtain relief connected with or growing out of the bill.

It is generally held that in an action instituted by a husband against his wife for the annulment of marriage alleged by him to be invalid, if the existence of the marital relation is in actual dispute and clear proof is not made of its invalidity, the wife may be allowed alimony pendente lite, counsel fees and suit money. 4 A.L.R. 927, annotation; 17 Am.Jur. 436, section 541; 110 A.L.R. 1284, annotation; Ex parte Jones, 172 Ala. 186, 55 So. 491; Ex parte McLendon, 239 Ala. 564, 195 So. 733; Courtney v. Courtney, 108 Fla. 276, 146 So. 229.

■ The right to suit money and temporary support will be determined on a hearing of the application for it, based on the principle stated above. It is immaterial whether the claim for temporary alimony and suit money is brought to the attention of the court by a petition for that purpose, 27 C.J.S., Divorce, § 243a, p. 1001,— or by a cross bill. We believe that the most usual practice is by a cross bill (when not by an original bill). It is certainly "connected with or growing out of the bill." Equity Rule 26, supra. Cf. Carter v. Carter, 248 Ala. 251, 27 So.2d 201; Bickley v. Bickley, 136 Ala. 548, 34 So. 946.

■ ▪ The cross bill invokes the equity jurisdiction of the court, and an allowance there sought may be awarded if the parties entered into a ceremonial marriage, which they both admit, and if the evidence presented on hearing the application shows that there is an actual dispute as to the validity of the marriage and "clear proof is not made of its invalidity". We pause to observe that such allowance is not dependent upon section 30, Title 34, or other provisions of the Code. Ex parte Smith, 34 Ala. 455.

We think the cross bill shows a right to maintenance and support pending this suit and an attorney's fee. Of course, the facts proven on hearing the application must be sufficient as alleged. Having equity in that aspect, the demurrer to the cross bill as a whole should have been overruled.

■ But whether the cross bill shows a right to "permanent support" on final hearing is a different question. The cross bill does not seek a divorce. If complainant is successful in having the marriage annulled on final hearing there would be no duty shown to support respondent. If he is unsuccessful in having the marriage annulled, the wife upon application might obtain separate maintenance without seeking a divorce (either *a vinculo matrimonii* or *a mensa et thoro*), but she cannot obtain permanent alimony without a divorce. Ex parte Tucker, 254 Ala. 222, 48 So.2d 24; Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654.

■ The pleading here presented does not show a right to permanent alimony on final hearing. Therefore, that aspect of the cross bill is without equitable standing, but there was no demurrer addressed to it. The cross bill has standing for support and maintenance pendente lite and suit money as sought in one aspect. Therefore, the demurrer to it as a whole should have been overruled.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Ti-

tle 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.