99 So.2d 688

**BENSON–JACKSON–MATHERS POST NO. 5106, also known as Local Post V. F. W., Thomasville, Alabama**

**v.**

**Mrs. J. F. DONALDSON.**

**1 Div. 718.**

Supreme Court of Alabama.

Dec. 19, 1957.

Rehearing Denied Jan. 23, 1958.

Lange, Simpson, Robinson & Somerville, Birmingham, and Adams, Gillmore & Adams, Grove Hill, for appellant.

**61**

Paul S. Jones, Grove Hill, for appellee.

MERRILL, Justice.

Appellee filed suit under the Workmen's Compensation Law for the death of her husband as an employee of appellant, allegedly arising out of and in the course of his employment, and the circuit court made an award to appellee.

Motion to dismiss appeal.

Appellee moves that the appeal should be dismissed because the record shows there was no citation of appeal served on appellee or her attorney and there is no certificate of appeal in the record.

A review of dates is necessary to understand fully our holding on the motion. Appellee's husband died July 20, 1951; the complaint was filed November 23, 1951; testimony was taken on February 7th and 12th, 1957, and judgment was rendered on February 12, 1957. The appeal was duly taken and the record, minus the citation and certificate of appeal, was subsequently filed in this court. Appellant's brief was filed May 20, 1957, in which oral argument was requested. This request automatically deferred submission of the cause until the call of the First Division in the week of November 11, 1957. Appellee's brief and her motion to dismiss were filed on June 17, 1957. A supplemental transcript was filed here on June 28, 1957, showing belated compliance with the deficiencies pointed out in the motion to dismiss. The cause was argued and submitted on November 12, 1957.

The attitude of this court on such matters is stated in Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585, 586, as follows:

"The insistence of appellant is that the provisions of the statute (Tit. 7, § 801) as to the time of service before the appeal is returnable are mandatory and, therefore, the appeal should be dismissed. An examination of the authorities cited discloses that the courts have held that the service of a citation on the adverse party is essential to the jurisdiction of the appellate court and unless notice is so served the appellate court has no jurisdiction. To that extent the statute is mandatory, but as to the time specified unless some injury or inconvenience is shown, the court will not dismiss an appeal merely because the citation was served later than the time when the appeal is returnable. Maya Corp. v. Smith, 239 Ala. 470, 196 So. 125. It appears from the record that the citation on the appellee was served more than 10 days before

the case was subject to call. We are, therefore, of opinion that the motion to dismiss the appeal is not well taken and it will be overruled."

■ Here the citation, although belated (June 20, 1957), was given nearly five months before submission of the cause to this court and no injury or inconvenience is shown. It follows that the motion to dismiss the appeal must be overruled. See also, Mutual Sav. Life Ins. Co. v. Osborne, 242 Ala. 19, 7 So.2d 319; Faust v. Baker, 31 Ala.App. 596, 20 So.2d 727, certiorari denied 246 Ala. 378, 20 So.2d 731.

On the merits.

The pertinent part of the trial court's findings of fact reads:

"The Court finds that the late J. F. Donaldson was employed by the defendant on the 20th day of July, 1951, and several weeks prior thereto as a superintendent or supervisor of its works in the construction of a swimming pool in the Town of Thomasville, Clarke County, Alabama, and on said 20th day of July, 1951, the said J. F. Donaldson was an employee of the defendant in contemplation of the Workmen's Compensation Laws of the State; that on said date while in the actual discharge of his duties as such employee the said J. F. Donaldson suffered a heat stroke or heat exhaustion and as a result of such accident arising out of the course of his employment he died on his job of all of which the defendant had actual notice; that at the time of his death the average weekly earnings of the said J. F. Donaldson were Forty and No/100 Dollars, * * *"

■ This court has applied consistently these two principles in workmen's compensation cases, (1) that the act should be given a liberal construction to accomplish its beneficent purposes, and (2) that if there is any reasonable view of the evidence that will support the conclusion reached by the trial court, the finding and judgment will not be disturbed. Baggett Transportation Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21, and cases therein cited. But we are forced to the conclusion that there is a total lack of evidence to support the finding that the employee died as a result of a heat stroke or heat exhaustion.

The undisputed evidence showed that the deceased, 75 years of age, had been employed by the Benson-Jackson-Mathers VFW Post at Thomasville to supervise the building of a swimming pool. His immediate superior was one Gillespie. The excavation was several feet deep. The weather was very hot and it was hotter in the excavation than it was at ground level. It was also cooler in the excavation in the morning than it was around noon. On July 19, the day before his death, deceased and other workmen went to a chicken dinner at noon. Between two and three o'clock, deceased went down into the excavation, became hot, felt ill, went to the shade, lay down for a few minutes and then resumed his work. He did no manual labor. At four o'clock that afternoon, deceased quit work, attended a watermelon cutting, ate one slice of watermelon, went home, made no mention of feeling ill, got up the next morning, ate breakfast as usual, went to the job where work started at seven A.M. and, while standing in the excavation a few minutes after seven A.M. talking to Gillespie, he collapsed and was dead within three minutes. A Dr. Henry was called and she pronounced deceased dead upon her arrival. Dr. Henry signed the death certificate and gave heart disease as the cause of death, particularizing that deceased suffered a coronary occlusion due to coronary arteriosclerosis.

Dr. Henry testified by deposition, under a stipulation that objections to any of her testimony could be made at the trial. When her deposition was read at the trial, several of her statements that it was her opinion that deceased died of a heart

attack, or from natural causes and not from heat exhaustion, were objected to and the trial court excluded them on the ground that Dr. Henry did not perform an autopsy. However, she gave the following testimony on cross-examination to which there was no objection or motion to exclude:

"Q. What examination of the body did you make? A. I tried to get a pulse, I listened to see if I could hear heart beat and I noted to see if there was any respiration and all of those things were absent.

"Q. In other words, the man was just dead? A. That is right.

"Q. And you didn't go any further with your investigation? A. No, there was no reason for me to believe that there was any need for me to go any further, I mean, to go any further there would have had to have been an autopsy.

"Q. And there was none? A. There was no autopsy because in my opinion he had died of natural causes.

"Q. Well, to confirm that scientifically there would have to be an autopsy, wouldn't it? A. Yes, of course.

"Q. Now, do you know whether or not he had had any heart trouble prior to that time? A. I had never seen him as a patient, so I knew nothing of his past medical history."

In Alabama Pipe Co. v. Wofford, 253 Ala. 610, 46 So.2d 404, 405, this court reversed an award to the widow of an employee on facts similar but stronger in her favor than for the appellee here. In that case, the claim was that the overheating of the employee caused a heart attack which proved fatal. The employee was performing work which "required considerable physical labor under conditions of overheating in the plant" and suddenly collapsed. The coroner, who had also been an undertaker, "thought the defendant died

of a heart attack." There was no autopsy or medical testimony. The court said:

"* * * there is no evidence to prove that the deceased's work under these circumstances produced the heart attack which resulted in his death. Or, otherwise stated, from aught appearing his death might have been due to natural causes, as was stated in the undertaker's certificate of death, apart from any conditions of hazard in his employment.

"The burden rested on the claimant to prove by competent evidence that the death of her husband resulted from a compensable injury and only when it is shown that there is a causal connection between such injury and the conditions of hazard under which the work was required to be performed does liability attach. 58 Am.Jur. 718, § 211, 859, § 438.

"The phrase 'arising out of' employment denotes employment as the source and cause of accident and we have said in order to satisfy this requisite the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. Pullman Standard Car Mfg. Co. v. Lively, 239 Ala. 684, 196 So. 870; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225."

In the instant case, the deceased did no manual labor and the only condition conducive to overheating or heat exhaustion was the weather, which is normally hot in Clarke County in July. There was no autopsy, but there was medical testimony by a local doctor. She specifically testified that, in her opinion, deceased died of natural causes and that his clothes were not wet with perspiration when she examined his body.

Appellee urges in brief that "the testimony of this doctor was not conclusive

**64**

so far as the trial court was concerned." We are in accord with that statement. We have held in a workmen's compensation proceedings that experts' opinions are not conclusive on triers of facts even though uncontroverted. Warrior Stone & Contracting Co. v. De Foor, 241 Ala. 227, 2 So. 2d 430; 9 Ala.Dig., Evidence, ☞570. But here, the only evidence given by *any* witness as to the cause of death was the doctor. Eliminating her testimony, we still have evidence only that the deceased dropped dead on the job early in the morning while talking with his boss. We are constrained to hold that there is no evidence that deceased died of a heat stroke. What was said in Williams v. Tennessee Valley Butane Co., 265 Ala. 145, 90 So.2d 84, 87, quoting from the Wofford case, supra, is applicable here:

"* * * Usually, as in this case, the facts present aspects of strong sympathetic appeal. But it must be steadily borne in mind that we can't guess a defendant into liability and without proof in the instant case that there was a causal relation or connection between the deceased's death and his hazard of employment, it would be only conjectural that his death resulted from an accident arising out of and in the course of his employment."

It is also our opinion that there is no evidence in the record to support the finding that deceased's average weekly earnings were $40 per week. His widow testified that he made $1 per hour, that if he had worked 48 hours in one week, he would have made $48. But the only evidence of his actual earnings were from the books of the paymaster and those showed payments in the four weeks preceding his death to be $16, $28.50, $45 and $36. These figures show an average of $31.38.

The judgment must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.