267 So.2d 130

**Ruth BAUGH et al.**

**v.**

**Jeanette Y. MOON et al.**

**8 Div. 478.**

Supreme Court of Alabama.

Sept. 28, 1972.

Lusk & Lusk, Guntersville, for appellees.

T. J. Carnes, Albertville, for appellants.

PER CURIAM.

Bill to reform description in a deed; to declare that certain named respondents have no interest in said lands, and to partition lands between rightful owners or in the alternative to sell for division.

The appellants herein are judgment creditors of one Pearl Young who died unmarried on January 23, 1969. On September 17, 1915, W. O. Young and wife, M. A. Young, executed a deed, reserving to himself and his wife a life estate and conveying to his two spinster daughters the property in question and further specifically providing:

" . . . [T]he above mentioned property shall be the property of the above mentioned Bertha Young and Pearl Young for their use & control, during the time they remain single, if either of above named Bertha & Pearl should marry or die then all of above named property shall be under control & Use of the other, in case that both Bertha & Pearl should get married or should die, then in that event the above described property shall revert to estate of W. O. Young."

W. O. Young died intestate in 1918 without having made any other conveyance of said property, Bertha Young died unmarried in 1921, M. A. Young died in 1937 and Pearl Young died unmarried in 1969. Appellants contend that Pearl Young had an interest in the property subject to administration and payment of their judgments. The trial court held otherwise, specifically decreeing that Bertha Young and Pearl Young had no right, title or interest in and to the subject lands, other than the right to use and control same during their unmarried lives, after the death of both W. O. Young and M. A. Young; and that upon the death of Pearl Young, the survivor of the life tenants, in 1969, the lands were owned by the Complainants and the Respondent, Fannie Y. St. John, as heirs at law of W. O. Young. The court then proceeded to determine the parties' respective interests, and ordered the land sold for division.

■ The Appellants' first two assignments of error concerned the action of the trial court in sustaining Complainants' demurrer to the Appellants' cross bill and

dismissing the same. In this we find no error. A cross bill may not be maintained if Defendant can obtain all relief to which he is entitled under his answer. Chafin v. Chafin, 254 Ala. 36, 47 So.2d 202, 26 C.J.S. Declaratory Judgments § 139, pp. 327–328.

The Appellants' other assignments of error are directed to the action of the trial court in determining that Bertha and Pearl Young had no interest in the land other than a life estate. These assignments of error are well taken.

■ When a Grantor, such as W. O. Young, conveys less than his entire estate, with provision that upon the termination of the lesser estate, the property reverts to his heirs or his estate, his heirs take as reversioners. A reversion is a present vested interest or estate and it arises by construction and operation of law whenever a Grantor has conveyed less than his whole interest or estate; the undisposed portion being his when the grant is terminated. This vested interest is subject to be conveyed by the Grantor by deed, to be bequeathed by will, or could be reached by execution and passed to execution purchaser. Wilcoxen v. Owen, 237 Ala. 169, 185 So. 897, 125 A.L.R. 539. McKenna v. Seattle-First Nat. Bank, 35 Wash.2d 662, 214 P.2d 664, 16 A.L.R.2d 679, 31 C.J.S. Estates § 106, pp. 205–207.

■ Thus, when the Grantor, W. O. Young, died in 1918, without making any other conveyance of this vested interest it passed to his children, Bertha and Pearl included, subject to administration and payment of debts, widow's dower and further subject to the three outstanding life estates. When Bertha died in 1921, unmarried, her child's part passed according to the laws of dissent and distribution. M. A. Young died in 1937 terminating her life estate and dower interest. Upon Pearl's death in 1969, her life estate terminated. However, her vested interest in an undivided portion of the property was subject to administration and payment of her debts and the trial court erred in decreeing oth-

erwise. The decree of the trial court is reversed and case remanded for further proceedings consistent with this opinion.

The foregoing opinion was prepared by WILLIAM C. SULLIVAN, Circuit Judge, specially assigned to the Supreme Court by order of the Chief Justice and was adopted by this court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HAR-WOOD, MADDOX and SOMERVILLE, JJ., concur.